(No. 12514.—Writ dismissed.)

THE PEABODY COAL COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN J. BULLINGTON, Admr., Plaintiff in Error.)

*Opinion filed April 15, 1919.*

1. WORKMEN'S COMPENSATION—*when order of circuit court is not a final judgment.* An order of the circuit court quashing the entire record of an inferior tribunal is a final judgment, as the whole proceedings of the inferior tribunal fall and with them all incidental proceedings; but where the order of the circuit court in a workmen's compensation case in effect sustains objections to the competency of the evidence offered to support an award and remands the cause for further proceedings by the Industrial Board the order is not a final judgment although it recites that the record is quashed.

2. SAME—*an interlocutory order cannot be reviewed upon certificate of judge of circuit court.* The certificate of the judge of the circuit court that the cause is one proper to be reviewed can not give the Supreme Court jurisdiction to review an interlocutory order.

3. APPEALS AND ERRORS—*when a judgment or decree is final and appealable.* A judgment or decree is final and appealable only when it terminates the litigation between the parties on the merits of the case, so that when affirmed the court below has only to proceed with the execution of the judgment or decree.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. J. C. McBRIDE, Judge, presiding.

A. W. KERR, and W. J. MACDONALD, for plaintiff in error.

BATES, HICKS & FOLONIE, and PROVINE & PROVINE, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Christian county set aside the award of the Industrial Board awarding compensation to plaintiff in error, administrator of the estate of Valentino Borio. It was urged before the Industrial Board on review and before the circuit court that the Industrial Board had no power to issue a *dedimus potestatum* to take depositions in a foreign country under the Workmen's Compensation act as the same was in force at the time of the hearing before the arbitrator, on June 22, 1916, and that therefore there was no competent evidence before the board on the question of the dependents of deceased. An agreement as follows was entered into:

"It is stipulated by and between the parties that decedent and respondent were operating under the terms of the Compensation act on October 23, 1915; that deceased died on that date as a result of injuries received in the course of his employment for the respondent; that if an award is made it shall be for $2500. Agreed that his earnings would amount to $625 per year. It is further agreed that a certain paper designated a declaration, produced and offered by the applicant, being statements of witnesses in Italy under oath, is offered and received in evidence the same in all respects as if a *dedimus* had been properly issued and said statements taken thereunder in the form of depositions; that for the purpose of saving time and delay it is stipulated that there is preserved to the respondent any and all rights which it might have to object to the introduction of said testimony, particularly on the ground that the Industrial Board of the State of Illinois is without authority, under the Workmen's Compensation law of Illinois, to issue a *dedimus potestatum* to the officers of the kingdom of Italy, and this paper is received subject to said objection, the same as if said declaration was in the form of depositions. It is further stipulated that in event of an award

to applicant and respondent desires to appeal, no lump-sum payment shall be asked for until respondent has full opportunity to prosecute his appeal, and in the event of an appeal, and the reviewing court refuses to pass upon the matter of the deposition because of the form in which it is presented, or should hold a deposition cannot be taken under the authority of the Industrial Board, then the case shall stand in every respect the same as if these proceedings had never been had and stipulations now made as to earnings will not control and the case shall be open to proof on all questions."

The sworn declaration of the three witnesses referred to, when translated, is as follows: "We, the undersigned, of this township, personally knowing the Borio family, we assert and declare that Valentino Borio, of Guiseppe, deceased, born in Gourne the 7th day of March, 1862, died in Kincaid, Illinois, 23d day of October, 1915, was the only support of his mother, Mary Borio, widow, age (77) seventy-seven years, and deserving support because of her old age and infirmity. The said Valentino Borio used to support her by sending her a monthly sum of $10, sometimes more, depending on his work and earnings, thus she was by him supported."

On a hearing the circuit court entered an order reviewing the proceedings, holding that there was no proper competent legal evidence of the heirs dependent upon the deceased; that the Industrial Board had no authority to issue a *dedimus potestatum* at the time of the hearing before the arbitrator or at the time of the hearing before the Industrial Board. The order also recites the stipulation of the parties, and orders that the record of the Industrial Board be quashed and that the cause be remanded to the Industrial Board for such other and further proceedings as it sees fit to take, consistent with the order of the court and the stipulation of the parties.

It is contended by the defendant in error that the order of the circuit court quashing the record and remanding the

cause to the Industrial Board for further proceedings consistent with the rulings of the circuit court and the stipulation of the parties is not a final judgment, and that for that reason it is not subject to review in this court upon writ of error. An order of the circuit court quashing the entire record of an inferior tribunal is a final judgment. The whole proceedings of the inferior tribunal fall, and with them all incidental proceedings thereon. (6 Cyc. 835; *Lord* v. *New York,* 3 Hill, 426; *Morrison* v. *Emsley,* 53 Mich. 564.) It is evident upon reading said written order, however, that the circuit court did not quash the entire record, but did so only in so far as that record related to the matter of the evidence before the Industrial Board which was treated in the stipulation as a deposition. The order of that court directing the taking of further proceedings by said board makes it evident that the court did not quash the entire record, and the use of those terms in the written order is not controlling where it is evident from the entire order that something else was intended. The order of the circuit court, in effect, sustained the objection of the plaintiff in error to the competency of the evidence offered and found there was no legal evidence of dependency. The cause was thereupon in and by said order remanded for further proceedings by said board. This was the only remanding order authorized by the statute.

Paragraph (*f*) of section 19 of the Compensation act, as amended in 1915, provides, in part, as follows: "The court [circuit court] may confirm or set aside the decision of the arbitrator or committee of arbitration or Industrial Board. If the decision is set aside and the facts found in the proceedings before the board are sufficient, the court may enter such decision as is justified by law, or may remand the cause to the Industrial Board for further proceedings, and may state the questions requiring further hearing, and give such other instructions as may be proper. Judgments, orders and decrees of the circuit court under this

act shall be reviewed only by the Supreme Court upon writ of error."

Under the statute the circuit court had two courses open to it on review of the proceedings by *certiorari:* either to set aside the decision and enter such decision upon the facts as is justified and required by law, or to remand the cause to the commission for further proceedings. If the finding of the board is "founded on hearsay or other improper or insufficient evidence, it is the duty of the circuit court, on *certiorari,* to remand the proceeding to the Industrial Board for proper proceedings." (*Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11.) Section 91 of the Practice act provides that appeals to and writs of error from this court are allowed to review the final judgments, orders or decrees of any of the circuit courts in any suit or proceeding in law or chancery. (Hurd's Stat. 1917, p. 2248.) A judgment or decree is final and appealable only when it terminates the litigation between the parties on the merits of the case, so that when affirmed the court below has only to proceed with the execution of the judgment or decree. *Rosenthal* v. *Board of Education,* 239 Ill. 29; *Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 id. 141; *Gray* v. *Ames,* 220 id. 251; *Brodhead* v. *Minges,* 198 id. 513; *Gunn* v. *Donoghue,* 135 id. 479.

As the order of the circuit court did not in any manner attempt to fix the rights of the parties to said proceeding it was not a final order and this court is without jurisdiction to review any other question. The certificate of the judge of the circuit court that the cause is one proper to be reviewed by this court cannot give this court jurisdiction to review an interlocutory order. The writ of error will therefore be dismissed.                    *Writ dismissed.*