(No. 12542.—Reversed and remanded.)

The Otis Elevator Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Ernest J. Wayner, Defendant in Error.)

*Opinion filed June 18, 1919.*

1. Construction—*in construing a statute the legislative intention should be sought and given effect.* The purpose of construing a statute is to find and give effect to the legislative intention where that can be done without contravening established rules of law, and in seeking for such intention the court should consider not only the entire act and the language used but also the evil to be remedied and the object to be attained, when such can be gathered from the act.

2. Workmen's compensation—*purpose of paragraph (d) of section 8 of Compensation act.* Paragraph (d) of section 8 of the Workmen's Compensation act, giving an injured employee who returns to his employment incapacitated, eighteen months in which to file his claim for compensation, is an exception to the general provision for notice in section 24 and is intended to prevent any advantage being taken of the employee by reason of the relation re-assumed with his employer.

3. Same—*paragraph (d) of section 8 of Compensation act can not apply where employee makes no claim and does not return to work within six months.* Paragraph (d) of section 8 of the Workmen's Compensation act, construed with section 24, cannot apply to an employee who does not return to his former services within six months after the injury or after the cessation of payments and who does not within that time make claim for compensation.

4. Same—*injured employee may claim benefit of paragraph (d) of section 8 of the Compensation act although discharged within eighteen months after returning to work.* Paragraph (d) of section 8 of the Workmen's Compensation act, giving an injured employee who returns to his employment incapacitated, eighteen months in which to file a claim for compensation, cannot be construed to apply only to those who remain in their former employment for a period of eighteen months.

5. Same—*paragraph (d) of section 8 of Compensation act does not deny equal protection of the law.* Paragraph (d) of section 8 of the Workmen's Compensation act, giving an injured employee who returns to his employment incapacitated, eighteen months in which to file a claim for compensation, while those who do not re-

turn are required to file their claims within six months under section 24, does not deny equal protection of the law, as the circumstances of the employee who does not return to his employment are not the same as those where the employee does return.

6. SAME—*the circuit court, on review by certiorari, cannot enter a money judgment and order execution.* The only authority which the circuit court has on a review by *certiorari* of the decision of the Industrial Commission confirming an award is to affirm the finding and the award of the commission or to set the same aside and enter such a decision as is justified by law or remand the cause, and there is no authority for entering a money judgment and ordering execution, as the claimant for the award is amply protected by the bond required of the employer on the petition for review.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

JOHN CLARK BAKER, for plaintiff in error.

WILLIAM R. JORDAN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Cook county affirmed the award of the Industrial Commission of Illinois in favor of the defendant in error, Ernest J. Wayner, for injuries received by him while in the employment of the plaintiff in error.

The material facts in the case are stipulated by counsel for the respective parties in interest, to the effect that both parties were under the Workmen's Compensation act and subject to its provisions and that the injury on August 11, 1913, arose out of and in the course of the employment; that Wayner was under total disability, on account of said injury, from August 11, 1913, until March 15, 1914, at which time he returned to work for the plaintiff in error and continued to work thereafter for six weeks, at which time he was discharged; that compensation as provided by said act was paid by the plaintiff in error for such disability to March 15, 1914; that after Wayner's return to work he was unfit and unable to perform his usual services

and for that reason was directed to do other kinds of work during said six weeks; that at the end of the six weeks following March 15, 1914, Wayner had not fully recovered. Formal claim for compensation was filed with the Industrial Commission July 23, 1915, which date is within eighteen months after Wayner's return to work for his original employer, the plaintiff in error. An award was made by the arbitrator in his favor in the sum of $1500 for a period of total and a period of partial disability, which was confirmed, on review, by the Industrial Commission. The circuit court of Cook county on *certiorari* affirmed the award, entered judgment therefor and directed the issuance of an execution for its enforcement.

It is contended by plaintiff in error that the claim for compensation having been filed more than six months subsequent to the last payment of compensation, is barred by the limitation of the Workmen's Compensation act; that the claimant was not continuously in the employment of the plaintiff in error for eighteen months subsequent to his return to work, and therefore the limitation provision of the statute is not applicable under the facts in this case; that the circuit court erred in entering judgment on the award and directing that execution issue thereon. It is contended by the defendant in error, Ernest J. Wayner, that having returned to work for the original employer, even though at a different kind of work, the provisions of paragraph (*d*) of section 8 of the Workmen's Compensation act apply to this case although claimant did not continuously remain in the employment for the period of eighteen months subsequent to such return.

It is urged by plaintiff in error in support of his first contention that the legislature intended by paragraph (*d*) of section 8 of the Workmen's Compensation act that the limitation of eighteen months for filing claim where the employee has returned to the service of the employer by whom he was employed at the time of the injury, should apply

only to those cases where the employee remained in the employment of said employer during the period of eighteen months, and in the event of his leaving such employment within that time that claim for compensation must be filed within six months from the date on which he left such employment, contending that under such circumstances section 24 of the act should apply. Section 24, in so far. as it refers to said question, is as follows: "No proceedings for compensation under this act shall be maintained unless notice of the accident has been given the employer as soon as practicable, but not later than thirty days after the accident. In cases of mental incapacity of the employee, notice must be given within six months after such accident. No defect or inaccuracy of such notice shall be a bar to the maintenance of proceedings by arbitration or otherwise by the employee unless the employer proves that he is unduly prejudiced in such proceedings by such defect or inaccuracy. Notice of the accident shall in substance apprise the employer of the claim of compensation made and shall state the name and address of the employee injured, the approximate date and place of the accident, if known, and in simple language the cause thereof, which notice may be served personally or by registered mail, addressed to the employer at his last known residence or place of business: *Provided,* that the failure on the part of any person entitled to such compensation to give such notice shall not relieve the employer from his liability for such compensation, when the facts and circumstances of such accident are known to such employer, his agent or vice-principal in the enterprise. No proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident, or in the event that payments have been made under the provisions of this act, unless written claim for compensation has been made, within six months after such payments have ceased."

Paragraph (*d*) of section 8, in so far as it applies to the question here, reads as follows: "In the event the employee returns to the employment of the employer in whose service he was injured, the employee shall not be barred from asserting a claim for compensation under this act: *Provided,* notice of such claim is filed with the Industrial Board within eighteen months after he returns to such employment, and the said board shall immediately send to the employer, by registered mail, a copy of such notice."

Plaintiff in error contends that if a strict construction be given to the words, "in the event the employee returns to the employment of the employer in whose service he was injured," it would follow that such employee might return in five years and still have eighteen months thereafter in which to make claim and start proceedings, and that if such construction be given to paragraph (*d*) it becomes unconstitutional, as denying equal protection of the laws by making an arbitrary distinction between an employee who returns to the employment with his former employer and an employee who does not return to said employment, by giving the former eighteen months in which to file his claim while the latter has but six months; that such distinction is not based on any real difference in the circumstances.

It is a fundamental rule of construction of statutes that the intention of the legislature is to be sought and to be given effect where that can be done without contravening established rules of law; that the intention is to be gathered from the entire act when all its parts are construed together, and from the necessity or reason for the enactment when such can be gathered from the act. As was said in the case of *People* v. *Harrison,* 191 Ill. 257: "In determining the meaning of a statute the court will have regard to existing circumstances or contemporaneous conditions, and also to the objects sought to be obtained by the statute and the necessity or want of necessity for its adoption." The purpose of construction is to find and give effect to such in-

tention, and in seeking for such intention we are to consider not only the language used by the legislature, but also the event to be remedied and the object to be obtained. *People* v. *Flynn*, 265 Ill. 414; *Maiss* v. *Metropolitan Amusement Ass'n*, 241 id. 177.

An examination of paragraph (*d*) of section 8, together with section 24, discloses that said paragraph is made an exception to the general provision in section 24, it being the evident intention of the legislature to avoid any advantage being taken of the employee by reason of the relation re-assumed with his former employer. In making this exception the legislature has fixed the period of limitation for filing claims at eighteen months. Counsel for plaintiff in error urges that this period is unreasonable, for the reasons, first, that the employee may have advantage of this provision even though he does not return to employment for a period of five years; and second, because it gives to such employee a protection not given to one who does not return to such service. The first objection is untenable, for the reason that under section 24 the employee who does not return to his former service must file his claim for compensation within six months where no payments have been made or within six months after the last payment. It cannot be said that paragraph (*d*) should be held to apply to an employee who had neither returned to work nor made claim for compensation within six months after his injury or after cessation of payments. In other words, the employee who does not return to his former service within a period of six months after the injury or after the cessation of payments, and who does not within said period or periods make claim for compensation, can claim no benefit under paragraph (*d*), as he has by such failure to make claim for compensation waived all right thereto.

Counsel for plaintiff in error also contends that in the computation of time paragraph (*d*) is to be construed as applying only to those employees who remain in their for-

mer employment for a period of eighteen months, and that
in case they cease to be so employed within that time their
claims must be filed within six months of the date on which
such employment ceased. In the first place, such a construc-
tion would be doing violence to the plain language of the
act by reading into it a limitation of six months under cer-
tain conditions, neither limitation nor condition being con-
tained or referred to in the act. As was said in *Wangler
Boiler Works* v. *Industrial Com.* 287 Ill. 118: "Courts have
no power to put a limitation upon a right legally given by
the legislature, unless by a fair construction of the act it can
be said such limitation was in furtherance of legislative in-
tent." To construe paragraph (*d*) as limiting the right of
the employee to a period of six months in which to file claim
for compensation in case of his return to his employment
with his previous employer would be reading into the act
a provision which is nowhere in the act, and which neither
the circumstances surrounding the same as shown in the act
nor the purpose thereof would warrant. It might be added
that such a construction, instead of being a benefit to the
employer, might well prove a detriment, as in a case where
the employee remained, after his return to work, for a
period of seventeen months and then quit such employment.
Under the construction contended for by plaintiff in error
he still would have six months, or a total of twenty-three
months, instead of eighteen months, in which to file a claim.

Nor can we agree with the contention of counsel for
plaintiff in error that this question of the period of time in
which claim may be filed renders said act unconstitutional,
as denying equal protection of the law. The circumstances
of the employee who does not return to his employment are
not the same as those where one does so return, as the rela-
tion of employer and employee does not exist in the for-
mer case. The legislature might well have conceived that,
under circumstances affected by the fact that the employee
has returned to service with his former employer, he is to

be given an additional period of time in which to make claim. While it is true an employee may return to his employment, under paragraph $(d)$, for a period of a few days or a few weeks and thereby gain the advantage of additional time in which to file his claim, yet such is the plain provision of the act and such act lies within the power of the legislature to pass.

Plaintiff in error's second contention is that the circuit court erred in entering a money judgment and ordering execution to issue thereon. It appears from the record that the proceedings in the circuit court were by writ of *certiorari* to review the findings and award of the Industrial Commission, and these proceedings were brought under clause 3 of paragraph $(f)$ of section 19, which provides, in part, as follows: "No such writ of *certiorari* shall issue * * * unless such one * * * shall file with the clerk of said court a bond conditioned that if he shall not successfully prosecute said writ * * * he will pay the said award, and the costs of the proceedings in said court. The amount of the bond shall be fixed by any member of the Industrial Board and the surety or sureties on said bond shall be approved by the clerk of said court." Paragraph $(g)$ of the same section provides for the proceedings by which a money judgment may be entered against the employer, and applies only where no proceedings for review of the decision of the Industrial Commission have been taken and where there has been a refusal to pay an award upon which no review has been sought. Concerning proceedings under paragraph $(g)$, it is provided: "Judgment shall not be entered until fifteen days' notice of the time and place of the application for the entry of judgment shall be served upon the employer by filing such notice with the Industrial Board; which board shall, in case it has on file the address of the employer or the name and address of its agent, upon whom notices may be served, immediately send a copy of the notice to the employer or such

designated agent; and no judgment shall be entered in the event the employer shall file with the said board its bond, with good and sufficient surety in double the amount of the award, conditioned upon the payment of said award in the event the said employer shall fail to prosecute with effect proceedings for review of the decision, or the said decision, upon review, shall be affirmed."

The only authority which the circuit court had on review by *certiorari* was to affirm the findings and award of the Industrial Commission or to set aside the same and enter such a decision as is justified by law, or remand the cause to the commission for further proceedings. (*Peabody Coal Co.* v. *Industrial Com.* 287 Ill. 407.) It is the intention and purpose of the Workmen's Compensation act that a bond shall be given by the employer on petition for review by *certiorari,* as was done here, so that in case the findings and award of the commission are affirmed the employee shall be fairly protected by such bond, thereby rendering the entering of a money judgment unnecessary. If this were not true and a money judgment were entered against the employer, in cases where payments are to cover a period of years it would result in affecting the title to property held and owned by the employer and subject him to an inconvenience and damage wholly unnecessary. The employee is amply protected by the bond.

The circuit court therefore erred in entering a money judgment and in ordering execution. That court should have entered an order affirming the award of the Industrial Commission and that the cost of the *certiorari* proceedings be paid by the petitioner therein. For this error the judgment is reversed and the cause remanded, with directions to the court to enter a judgment in conformity with the views herein expressed.

*Reversed and remanded, with directions.*