(No. 14496.—Judgment affirmed.)
HALLIE GIERTZ, Admx. Appellee, *vs.* JAMES I. SNYDER
*et al.* Appellants.

*Opinion filed April 19, 1922.*

1. WORKMEN'S COMPENSATION—*employer's bond on suing out writ of certiorari is security for award until case is finally determined.* The bond which the employer is required to give under the Compensation act before prosecuting a writ of *certiorari* to review an award in the circuit court is to protect the employee or his representative until the final adjudication of the rights of the parties, and although the writ of *certiorari* is prosecuted successfully in the circuit court the bond is security for the payment of the award until the expiration of the time for application for a writ of error to the Supreme Court, or, if such application is made, until after the Supreme Court has decided the case.

2. CONSTITUTIONAL LAW—*invalidity of statute cannot be set up unless rights are infringed by the alleged void provision.* Before a party can assail the constitutionality of a statute he must show his rights have been infringed by enforcement of the alleged invalid provision.

3. BONDS—*when sureties are estopped to set up invalidity of statute under which bond was given.* In a suit on a bond given under the Compensation act on the prosecution of a writ of *certiorari* by the employer to review an award, the defendants are estopped to set up the invalidity of the statute under which the bond was given, where the employer enjoyed the benefit of the bond until the case was finally decided against him and where the award is admitted to be a valid liability.

APPEAL from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding.

HAROLD F. TRAPP, for appellants.

MCCORMICK & MURPHY, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Albert H. Giertz, an employee of Snyder & Montgomery, received injuries in the line of his employment from which he died July 17, 1919. His wife, as administratrix,

filed a claim for compensation, and she was given an award of $8.41 per week for 416 weeks. Snyder & Montgomery sued out of the Logan county circuit court a writ of *certiorari* to review the award. In order to obtain the writ they gave bond in accordance with the provisions of the statute, with Ella F. Snyder, Katie R. Montgomery, Victor J. Ryan, A. F. Sturgis and Lafayette Boyer as sureties. At the hearing on the writ of *certiorari* the circuit court quashed and set aside the award and rendered judgment against the administratrix for costs. She filed her petition in this court for a writ of error, which was granted, and on consideration of the case the judgment of the circuit court was reversed and set aside and judgment rendered in her favor in this court confirming the award of the Industrial Commission. (*Snyder* v. *Industrial Com.* 297 Ill. 175.) The defenses interposed to the award were, that the injury to the employee did not arise out of or happen in the course of his employment; also that the death was not the result of the injury. No question of the validity of the statute or any provision of it was raised until a petition for a rehearing was filed in this court, and in a short per curiam opinion denying a rehearing it was held the employers had waived the right to question the validity of the statute. The award not being paid, the administratrix brought suit on the bond given by Snyder & Montgomery when they sued out the writ of *certiorari*. By their fourth plea to the declaration defendants set up the judgment of the circuit court in favor of Snyder & Montgomery and alleged they did prosecute the suit successfully. By their fifth plea they averred that the bond was given under the requirements of a statute which was unconstitutional and void, as being in violation of the fourteenth amendment to the constitution of the United States and of the constitution of the State of Illinois. The circuit court sustained demurrers to those pleas and defendants elected to stand by them. Evidence was heard under issues made by other pleas and

judgment was rendered in favor of plaintiff. Defendants have prosecuted this appeal to this court on the ground that the constitutionality of a statute is involved.

As to the fourth plea, counsel argues bonds are construed strictly in favor of the sureties; that the undertaking of the principals was that they would prosecute the suit in the circuit court successfully or the obligors would pay any judgment and costs awarded against the principals; that Snyder & Montgomery did prosecute the suit successfully and no judgment was rendered against them in that court but a judgment was rendered in their favor for costs against the plaintiff in this action. He further argues that the writ of error sued out of this court by plaintiff was the beginning of a new suit and not a continuation of the suit in the circuit court.

Proceedings under the Workmen's Compensation act are purely statutory and are governed by and the rights of parties determined in accordance with its provisions. No writ of *certiorari* shall issue at the instance of one against whom an award for the payment of money has been made unless such party shall give a bond in an amount fixed by a member of the Industrial Commission and approved by the clerk of the court, "conditioned that if he shall not successfully prosecute said writ he will pay the said award and the costs of the proceedings in said court." The statute further provides that the bond "shall operate as a stay of the judgment or order of the circuit court until the time shall have passed within which an application for a writ of error can be made and until the Supreme Court has acted upon the application for a writ of error, if such application is made." While language might have been used which would have more clearly expressed the legislative intent, it seems reasonably clear that the intention was the bond should be security for the payment of the award until the case is finally determined. This is the first time this question has been presented to this court, and we are not re-

ferred to any decision of any other State where this question has been decided. The reasoning in *Baum* v. *Industrial Com.* 288 Ill. 516, is not directly in point but tends to support that view. When the entire act, its scope and purpose are considered, it would seem to be the reasonable intent and meaning that if an award of compensation is made an injured employee and the employer desires a court review, the bond required to be given is to protect the employee until the final adjudication of the rights of the parties. The rule contended for by defendants that the writ of error is a new suit can have no application, for it is a continuation of the suit until its final determination. This court reversed, set aside and annulled the judgment of the circuit court. It had the right and power to remand the case to that court with directions to enter judgment for the award, but to avoid delay and costs judgment was entered here. To hold the bond was discharged by the judgment of the circuit court would seem to seriously impair the protection and benefits the act was intended to secure and would in our opinion be contrary to the legislative intent.

The ground upon which the constitutionality of the statute is attacked is, that as in force at the time the proceeding for compensation was had it permitted a review of the decision of the Industrial Commission on questions of law, only, and made the decision of the Industrial Commission final on questions of fact, if there was any competent evidence to support it. *Ohio Valley Water Co.* v. *Ben Avon Borough,* 253 U. S. 287, is relied upon, also authorities that a bond given under the requirements of an unconstitutional statute is void and cannot be made the basis of a recovery. It may be well to observe that Snyder & Montgomery were not denied any right defendants now claim was guaranteed them by the constitution. They do not claim they were, and the fact is they were not, denied the right to introduce and have considered all the testimony they desired on the hearing before the arbitrator and the Industrial Commis-

sion. It appears from the opinion of this court that the evidence of their defenses was heard and considered, and this court said all the evidence conclusively showed the employee was injured while at work in his employers' building, and warranted the finding of the commission that the injury was the cause of death. The judgment of this court was not based on the fact that the evidence was conflicting and that there was some competent evidence to support the award. Before Snyder & Montgomery could assail the constitutionality of the statute they must show their rights had been infringed by enforcement of the alleged invalid provision. (*Public Utilities Com.* v. *Chicago and West Towns Railway Co.* 275 Ill. 555; *People* v. *Olsen,* 215 id. 620; *New York Central Railroad Co.* v. *White,* 243 U. S. 188.) In the view we take of the case it is not necessary to pass on the validity of the statute. Defendants say in their brief, "It is not contended that an action will not lie against Snyder & Montgomery personally on said award," but that the sureties may interpose as a defense to the action that the statute is unconstitutional and the bond without consideration and void.

*Moses* v. *Royal Indemnity Co.* 276 Ill. 177, was a suit on a bond given pursuant to the provisions of section 23 of the Municipal Court act to stay execution on a judgment until it could be reviewed on a writ of error sued out of the Appellate Court. The surety interposed the defense that section 23 was unconstitutional and the bond was therefore without consideration and void. This court held it was unnecessary to determine whether the statute was valid or not; that the consideration for the bond was the stay of the execution and the obligor received the benefit of the consideration; that the bond was voluntarily executed upon a sufficient legal consideration. ·Among the authorities cited in support of that conclusion is *Daniels* v. *Tearney,* 102 U. S. 415. In that case a bond was given in West

Virginia pursuant to a statute and ordinance of secession, that until otherwise provided by law no execution should be issued except in favor of the commonwealth against non-residents and no sales made under decrees without the consent of the parties interested. Where an execution was in the hands of an officer, if the debtor gave bond and security for the payment of the debt, interest and costs there should be no sale until the operation of the ordinance ceased. The court held the act was in violation of the constitution and that the bond as a statutory instrument was of no more validity than the statute, but the court held where the bond is voluntarily entered into and the principal enjoys the benefits it was intended to secure it is too late to raise the question of its validity. The court said: "The principle of estoppel thus applied has its foundation in a wise and salutary policy. It is a measure of repose. It promotes fair dealing. It cannot be made an instrument of wrong or oppression, and it often gives triumph to right and justice where nothing else known to our jurisprudence can by its operation secure those ends. * * * Not to apply the principle of estoppel to the bond in this case would, it seems to us, involve a mockery in judicial administration and a violation of the plainest principles of reason and justice." If, as counsel concedes, the award is a valid liability against the principals on the bond, we are unable to see any distinction between that case and the one under consideration.

In our opinion the circuit court did not err in sustaining demurrers to the fourth and fifth pleas and rendering judgment for plaintiff, and the judgment is affirmed.

*Judgment affirmed.*