HENRY NIERMAN *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(OMAH COBB, Defendant in Error.)

*Opinion filed April 21, 1928.*

1. WORKMEN'S COMPENSATION—*the circuit court, on certiorari, cannot enter judgment for amount of award.* The Compensation act does not authorize the circuit court, on review of an award by *certiorari,* to render a judgment directing the payment of the award and ordering execution to issue, as the bond which the employer is required to give before he is permitted to prosecute a writ of *certiorari* makes unnecessary the rendition of a judgment for the payment of money in case the decision of the Industrial Commission is confirmed, and the employer, by giving such bond, is permitted to avoid the lien of such judgment, the intention of the statute being that the employee shall be protected by the bond.

2. SAME—*review by certiorari in the circuit court is statutory.* The writ of *certiorari* by which the circuit court is given jurisdiction to review decisions of the Industrial Commission is not the common law writ of *certiorari* but is a statutory writ, and the powers of the circuit court are only such as the statute confers.

3. SAME—*sub-section (g) of section 19 of Compensation act does not apply where decision of commission is reviewed by certiorari.* Sub-section (g) of section 19 of the Compensation act, authorizing judgment by the circuit court on presentation of a certified copy of the decision of the Industrial Commission, by its terms applies only where no proceedings for review of the decision of the commission have been taken; and where a decision sustaining an award has been reviewed by *certiorari* and confirmed,

said sub-section does not authorize the rendition of a judgment against the employer for the award, attorneys' fees and costs.

4. JURISDICTION—*statutory jurisdiction of the circuit court is limited to terms of statute—review.* Circuit courts are courts of general jurisdiction, but where they exercise a special jurisdiction not arising out of the common law but of purely statutory origin they are limited by the language of the statute, and where a statute prescribes a specific form of review all other forms are excluded.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

SLOTTOW & LEVITON, (CHARLES LEVITON, and WENDELL CARNAHAN, of counsel,) for plaintiffs in error.

GEORGE W. LAWRENCE, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

On November 17, 1925, William C. Cobb suffered injuries while employed by S. J. James on a building belonging to Henry Nierman and Charles Hirtenstein. Death resulted from the injuries. Omah Cobb, the widow, filed a claim for compensation with the Industrial Commission. On March 24, 1926, an arbitrator awarded her $14 per week for 267-6/7 weeks, or a total of $3750, of which, it was provided, $2660 had already accrued, and the balance should be paid in weekly installments. The Industrial Commission, on review, sustained the arbitrator's award. Nierman and Hirtenstein filed in the office of the clerk of the circuit court of Cook county a bond conditioned upon the successful prosecution of a writ of *certiorari* or the payment of the award and costs, and the writ was issued. The circuit court on October 18, 1926, confirmed the decision of the Industrial Commission. Subsequently, on March 9, 1927, there was filed in the office of the clerk of the circuit court an affidavit or petition by Omah Cobb, in which, among other things, she set forth that the award remained

unpaid and that she desired to have judgment rendered upon it. To this petition were attached (1) copies of the arbitrator's decision, of notice thereof and of the Industrial Commission's decision on review; (2) a notice filed in the commission's office on February 28, 1927, that counsel for Omah Cobb would on March 14, 1927, appear before Hon. Harry M. Fisher, one of the judges of the circuit court, and ask that judgment be rendered against James, Nierman and Hirtenstein upon the arbitrator's award, theretofore sustained by the Industrial Commission and confirmed by the circuit court, and that attorney's fees and costs be included in such judgment; and (3) a certificate by the secretary of the Industrial Commission that on February 28, 1927, he sent by registered mail a copy of the foregoing notice to counsel for the respondents. On March 21, 1927, the circuit court, after reciting that it had inspected the certified copy of the Industrial Commission's decision and "its own record which affirmed" that decision, rendered judgment in favor of Omah Cobb and against James, Nierman and Hirtenstein for $4063, of which sum $313 was included as attorney's fees and costs. Upon petition by Nierman and Hirtenstein this court awarded a writ of error, and the record is here for review.

The substance of the contentions of plaintiffs in error for a reversal of the judgment is, that after the bond, which is a prerequisite to the issuance of a writ of *certiorari,* had been filed and the circuit court, on a direct review by that writ, had confirmed the decision of the Industrial Commission, the court had neither power nor jurisdiction to render, in a subsequent proceeding upon an award made payable in weekly installments, a judgment, instantly payable, for the whole award, with attorney's fees and costs.

Paragraph 2 of sub-section (*f*) of section 19 of the Workmen's Compensation act (Cahill's Stat. 1925, p. 1189; Smith's Stat. 1925, p. 1287;) provides that no writ of *certiorari* shall issue unless the one against whom the Indus-

329—40

trial Commission shall have rendered an award for the payment of money shall, upon the filing of his *præcipe* for such writ, file with the clerk of the circuit court a bond conditioned that if he shall not successfully prosecute the writ he will pay the award and the costs of the proceedings; that the amount of the bond shall be fixed by a member of the Industrial Commission and that the surety or sureties on the bond shall be approved by the clerk of the court. The bond which the employer is required to give before he is permitted to prosecute a writ of *certiorari* from the circuit court to review an award makes unnecessary the rendition by the circuit court of a judgment for the payment of money in case the decision of the Industrial Commission is confirmed. (*Otis Elevator Co.* v. *Industrial Com.* 288 Ill. 396.) If every award of compensation confirmed by the circuit court upon review necessarily resulted in a judgment subjecting the employer's property to a lien for the payment of the award, the number of such liens would not only be considerable but the liens might continue for many years, and the employer's property, particularly his real estate, would be rendered unmarketable. The employer has the right, by giving the required bond, to avoid such a judgment and consequent lien. (*Baum* v. *Industrial Com.* 288 Ill. 516; *Otis Elevator Co.* v. *Industrial Com. supra.*) The legislative intention is that the employee shall be protected by the bond. (*Otis Elevator Co.* v. *Industrial Com. supra; Baum* v. *Industrial Com. supra; Giertz* v. *Snyder,* 302 Ill. 618.) The bond may continue in effect for many years where the compensation payments are directed to be made periodically. In the instant case the bond recited the rendition of the award, payable in weekly installments, and the bond provided that it was to remain in effect if the plaintiffs in error should not prosecute the writ successfully and in that event fail to pay the award and costs.

Sub-section (*f*) of section 19 of the Workmen's Compensation act further provides: "The court may confirm or

set aside the decision of the Industrial Commission. If the decision is set aside and the facts found in the proceedings before the commission are sufficient, the court may enter such decision as is justified by law, or may remand the cause to the Industrial Commission for further proceedings and may state the questions requiring further hearing, and give such other instructions as may be proper." While circuit courts are courts of general jurisdiction, yet where they exercise a special jurisdiction, not arising out of the common law but of statutory origin purely, they are limited by the language of the statute, and where such a statute prescribes a specific form of review all other forms are excluded. The writ of *certiorari,* by which the circuit court is given jurisdiction to review the decisions of the Industrial Commission in compensation cases, is not the common law writ of *certiorari* but is a writ solely of statutory creation, and the powers which the court may exercise by virtue of that writ are merely the powers which the Workmen's Compensation act confers. (*Central Illinois Public Service Co.* v. *Industrial Com.* 293 Ill. 62.) On review by the writ of *certiorari* the court may confirm or set aside the decision of the commission. If the decision is set aside the act specifically prescribes what may be done. (*Peabody Coal Co.* v. *Industrial Com.* 287 Ill. 407.) The act does not authorize the court, on such a review, to render a judgment directing the payment of the award and ordering execution to issue. (*Baum* v. *Industrial Com. supra; Tribune,Co.* v. *Industrial Com.* 290 Ill. 402; *Rosenthal Co.* v. *Industrial Com.* 290 id. 323; *Bristol & Gale Co.* v. *Industrial Com.* 292 id. 16.) Hence that power is lacking.

On October 18, 1926, the circuit court confirmed the decision of the Industrial Commission, which had sustained the arbitrator's award. By the terms of the award the weekly installments would continue to be paid until late in September, 1927, approximately six months after the circuit court rendered its judgment on March 21, 1927. That

judgment was therefore, in effect, a review and modification by the circuit court of the same court's order of October 18, 1926, confirming the decision of the Industrial Commission. There is no warrant or authority in the Workmen's Compensation act for such a proceeding.

To sustain the judgment of March 21, 1927, the defendant in error invokes sub-section (*g*) of section 19 of the Workmen's Compensation act, (Cahill's Stat. 1925, p. 1189; Smith's Stat. 1925, p. 1289;) which, in part, provides: "Either party may present a certified copy of the decision of the Industrial Commission, when no proceedings for review thereof have been taken, * * * providing for the payment of compensation according to this act, to the circuit court of the county in which such accident occurred or either of the parties are residents, whereupon said court shall render a judgment in accordance therewith; and in case where the employer does not institute proceedings for review of the decision of the Industrial Commission and refuses to pay compensation according to the award upon which such judgment is entered, the court shall, in entering judgment thereon, tax as costs against him the reasonable costs and attorney's fees in the arbitration proceedings and in the court entering the judgment." This sub-section by its terms applies only where no proceedings for a review of the decision of the Industrial Commission have been taken. (*Otis Elevator Co.* v. *Industrial Com. supra.*) In the instant case the Industrial Commission's decision had been reviewed and confirmed by the circuit court prior to the rendition of the judgment of March 21, 1927, and obviously sub-section (*g*) of section 19 has no application.

The circuit court had no authority or jurisdiction to render the judgment of March 21, 1927, and that judgment is reversed.                    *Judgment reversed.*