

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Gordon C. Cass
County Attorney
Lampasas County
Lampasas, Texas

Dear Sir:

Opinion No. 0-2207
Re: When application of candidates to place name on ballot may be considered "filed", under Article 3112, Vernon's Annotated Civil Statutes.

Receipt is acknowledged of your letter of June 11, 1940, requesting the opinion of this department upon the following matter:

"Would the mailing of a request for a persons name to appear on the official ballot as a candidate for the nomination for representative in open mail (not registered) and the same being received in proper time, be sufficient to be considered filed in the proper manner?"

Article 3112, Vernon's Annotated Civil Statutes, reads as follows:

"Any person desiring his name to appear on the official ballot as a candidate for the nomination for chief justice or associate justice of the Court of Civil Appeals, or for representative in Congress, or for State Senator, or for representative, or district judge or district attorney in representative or judicial districts composed of more than one county, shall file with the chairman of the executive committee of the party for the district, said request with reference to a candidate for a State nomination, or if there be no chairman

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Gordon C. Cass, Page 2

of such district executive committee, then
with the chairman of each county composing
such district, not later than the first Mon-
day in June preceding the general primary.
Such requests may likewise be filed not later
than said date by any twenty-five qualified
voters resident within such district, signed
and duly acknowledged. Immediately after said
date each such district chairman shall certify
the names of all persons for whom such requests
have been filed to the county chairman of each
county composing such district."

This article provides that a candidate "shall file
with the chairman of the executive committee" his request to
have his name placed upon the official ballot, and you desire
to know whether or not deposit of an application in proper
form containing every matter required by law in the United
States mails and receipt by the proper officer in due time,
may be considered "filing" within the meaning of Article 3112.

As stated by Mr. Justice McKenna in United States
vs. Lombardo, 241 U. S. 73, 36 S. Ct. 508, 60 L. Ed., 897:

"The word 'file' is derived from the
latin word 'filum' and relates to the ancient
practice of placing papers on a thread or wire
for safe-keeping and ready reference. Filing,
it must be observed, is not complete until the
document is delivered and received."

It will be observed that two elements are essential
to constitute "filing" of an instrument; viz. delivery to and
receipt of by the proper officer. This is well established
in Texas. Beal v. Alexander, 6 Tex. 531; City of Dallas v.
Beeman (C. C. A. 1898) 18 Tex. Civ. App. 335, 45 S. W. 626;
Brogdon v. State, 63 Tex. Cr. R. 475, 140 S. W. 352; West v.
State, 106 Tex. Cr. R. 647, 2 S. W. (2d) 271; Helms v. Wood,
District Clerk, (C. C. A. 1933) 65 S. W. (2d) 352, writ refused;
Blackburn v. State (C. C. A. 1934) 72 S. W. (2d) 627; Ex parte
Leifeste, 127 Tex. Cr. R. 445, 77 S. W. (2d) 875; Maddux v.
Booth (C. C. A. 1937) 108 S. W. 329. See also Poynor v. Com-
missioner of Internal Revenue (C. C. A. 5th Cir.) 81 Fed. (2d)
521.

While the mere deposit of an instrument in the United
States mails is not sufficient to constitute "filing" (U. S. v.

Honorable Gordon C. Cass, Page 3

Lombardo, supra; Moores v. State, 96 N. W. 225) receipt by mail within the proper time and by the proper officer is a "filing", and the vehicle or agency by which the instrument is transmitted is of no consequence. In all cases the query is, has the instrument been _received_ and placed in the custory of the proper official. Moores v. State, 96 N. W. 225; Sweeney v. City of New York, 225 N. Y. 271, 122 N. E. 243; O'Hearn v. Erickson, County Auditor (S. Ct. Minn. 1922) 152 Minn. 349, 188 N. W. 736.

As stated in Sweeney v. City of New York, supra,

"The verb 'to file' may be used in various senses. When, as in this statute, it is said that a paper must be filed with an officer, the requirement is at least complied with when the party delivers that paper to the officer at his official place of business and there leaves it with him. _Whether he does this personally or by mail is, we think, immaterial, so long as it is actually received_". (Underscoring ours)

In accord with this statement of the law is Commonwealth v. O'Bryan, Utley & Company, 153 Ky. 406, 155 S. W. 1126.

In State ex rel. O'Hearn v. Erickson, County Auditor, supra, a candidate for the office of State Representative mailed an application to have his name placed on the ballot on the last day for legal filing and it was not received until the following day. The court held that the day the application was actually received by the proper officer was the day it was filed.

Consequently, it is the opinion of this department, and you are respectfully advised that when an application of a candidate to have his name placed upon the primary ballot in proper form and containing every matter required by law is transmitted through the United States mails and is received by the proper officer within the time allowed by law, it is "filed" within the meaning of Article 3112, Vernon's Annotated Civil Statutes.

APPROVED JUN 26, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

By _James D. Smullen_
James D. Smullen

APPROVED
OPINION
COMMITTEE
CHAIRMAN

JDS:RS