LAWRENCE CELESTE, JR., Appellant, v. THE INDUSTRIAL COMMIS-SION et al. (Coca Cola Bottling Company, Appellee).

First District (Industrial Commission Division)    No. 1—90—0468WC

Opinion filed October 19, 1990.

Gary B. Friedman, Ltd., of Chicago, for appellant.

Wiedner & McAuliffe, Ltd., of Chicago, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The issue before us is whether an employee who seeks review of an Industrial Commission (Commission) decision must file a bond to confer subject-matter jurisdiction upon the circuit court. We hold there is no such statutory requirement.

This dispute arose as the result of proceedings which occurred after this court remanded the case to the Commission following a prior appeal. (*Celeste v. Industrial Comm'n* (1988), 165 Ill. App. 3d 1156 (unpublished order under Supreme Court Rule 23).) Upon remand, claimant filed a motion for interest which was not heard prior to the time respondent paid the award. Included in the sum tendered and accepted was an amount specifically designated to cover interest. Nevertheless, the Commission later ruled that claimant was not entitled to interest. Claimant sought review in the circuit court but did not file a bond. On respondent's motion, summons was quashed because of the failure to file a bond.

■ Section 19(f)(2) of the Workers' Compensation Act states in pertinent part:

"No such summons shall issue *unless the one against whom the Commission shall have rendered an award for the payment of money* shall upon the filing of his written request for such summons file with the clerk of the court a bond conditioned that if he shall not successfully prosecute the review, he will pay the award and the costs of the proceedings in the courts. * * *

Every county, city, town, township, incorporated village, school district, body politic or municipal corporation against whom the Commission shall have rendered an award for the payment of money shall not be required to file a bond to secure the payment of the award and the costs of the proceedings in the court to authorize the court to issue such summons." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f)(2).

Claimant argues that he is not one "against whom the Commission shall have rendered an award for the payment of money." In consequence, under the express terms of the statute, he argues an employee is not required to file a bond. Respondent counters that everyone who seeks review of a Commission order must file a bond, especially where, as here, respondent has paid monies to claimant in excess of its liability and would have a right to reimbursement.

Respondent relies on *Firestone Tire & Rubber Co. v. Industrial Comm'n* (1979), 74 Ill. 2d 269, 384 N.E.2d 1329. In that case, judgment was entered against an *employer*; but, the Commission order did not set an amount for the bond. Firestone attempted to petition for review but did not file a bond. The respondent did not argue that a bond should not attach. Rather, because the order entered contained no provision for a bond, the employer argued the Commission had, in effect, set the bond at zero. The supreme court disagreed stating that a bond had to be filed and described the procedure by which the employer could petition the Commission to set a bond so as to enable it to perfect review.

Respondent argues the only difference between this case and *Firestone* is that the positions of the parties are reversed. That fact, however, is precisely why *Firestone* is inapplicable.

■ Although no cases have been cited, the issue has been considered in prior cases and commentary. To the point is a former treatise on Illinois compensation law which states the following:

"In case judicial review by the circuit court is sought by a *claimant* [emphasis added] for compensation, no bond is needed

as the bond is required only by one against whom has been *'rendered an award for the payment of money,'* hence the legislature has not required that bond be filed by every person seeking review of the action of the Industrial Commission." (Emphasis in original unless otherwise noted.) (3 T. Angerstein, Illinois Workmen's Compensation §2126, at 19 (1952).)

(See also 3 T. Angerstein, Illinois Workmen's Compensation §2127, at 19-20 (1952).) In support of this conclusion the treatise quotes the supreme court in *Nierman v. Industrial Comm'n* (1928), 329 Ill. 623, 626, 161 N.E. 115, 116-17, for the following proposition:

" 'The bond which the *employer* is required to give before he is permitted to prosecute a writ of *certiorari* from the circuit court to review an award makes unnecessary the rendition by the circuit court of a judgment for the payment of money in case the decision of the Industrial Commission is confirmed. (*Otis Elevator Co. v. Industrial Com.*, 288 Ill. 396, 123 N.E. 600.) If every award of compensation confirmed by the circuit court upon review necessarily resulted in a judgment subjecting the employer's property to a lien for the payment of the award, the number of such liens would not only be considerable but the liens might continue for many years, and the employer's property, particularly his real estate, would be rendered unmarketable. The employer has the right, by giving the required bond, to avoid such a judgment and consequent lien. (*Baum v. Industrial Com.* 228 Ill. 516, 123 N.E. 625, 6 A.L.R. 1242; *Otis Elevator Co. v. Industrial Com., supra.) The legislative intention is that the employee shall be protected by the bond. (Otis Elevator Co. v. Industrial Com., supra; Baum v. Industrial Com., supra; Giertz v. Snyder*, 302 Ill. 618, 135 N.E. 57.) The bond may continue in effect for many years where the compensation payments are directed to be made periodically. In the instant case the bond recited the rendition of the award, payable in weekly installments, and the bond provided that it was to remain in effect if the plaintiffs in error should not prosecute the writ successfully and in that event fail to pay the award and costs.' " (Emphasis added.) 3 T. Angerstein, Illinois Workmen's Compensation §2127, at 19-20 (1952).

By the express terms of the statute, an employee is not one against whom an award of money has been rendered. The fact that respondent has overpaid claimant is irrelevant. Restitution for overpayment of a Commission award is permitted by separate suit in the event the employee refuses to repay the excess amount. *Liberty Mu-*

*tual Insurance Co. v. Zambole* (1986), 141 Ill. App. 3d 803, 491 N.E.2d 132.

Moreover, examination of that portion of section 19(f)(2) which waives the filing of a bond for certain government employers lends support to our conclusion that an employee is not subject to the requirement that a bond must be filed before subject-matter jurisdiction is conferred upon the trial court.

■ The bond protects the employee from having to execute against an employer's assets. It also protects an employer to the extent its assets are not encumbered by liens of potentially indefinite duration. The bond requirements clearly apply only to those employers against whom liability for payment of a compensation judgment may attach. Employees are not within that class. Accordingly, the circuit court erred in quashing the summons.

For the foregoing reasons, the judgment of the circuit court is reversed and the case is remanded for further proceedings.

Reversed and remanded.

BARRY, P.J., and McNAMARA, WOODWARD, and LEWIS, JJ., concur.