MOORHEAD MACHINERY / WESTINGHOUSE, Appellant and Cross-Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Leonard Siddens, Appellee and Cross-Appellant).

Fourth District (Industrial Commission Division)   No. 4—93—0757WC

Argued April 21, 1994.—Opinion filed June 3, 1994.—Rehearing denied August 2, 1994.

Jeanmarie Calcagno (argued) and Gregory G. Vacala, both of Stevenson, Rusin & Friedman, Ltd., of Chicago, for appellant.

Diane E. Greanias (argued), of Peoria Heights, and Warren E. Danz, of Warren E. Danz, P.C., of Peoria, for appellee.

JUSTICE SLATER delivered the opinion of the court:

The employer, Moorhead Machinery/Westinghouse, appeals from an order of the circuit court denying its motion for discharge of an appeal bond filed pursuant to section 19(f)(2) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(f)(2)). Employer also appeals from the denial of its motion for sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). The claimant, Leonard Siddens, filed a cross-appeal from the denial of his motion for Rule 137 sanctions. We affirm the denial of both motions for sanctions and remand for a rehearing on employer's motion for discharge of bond.

On January 31, 1988, an arbitrator of the Illinois Industrial Commission (Commission) found that claimant was entitled to an award for medical expenses, temporary disability benefits and a wage differential pursuant to section 8(d)(1) of the Act (Ill. Rev. Stat. 1987,

ch. 48, par. 138.8(d)(1)) due to injuries he suffered during the course of his employment with the employer. The Commission affirmed the arbitrator's decision and awarded claimant a wage differential of $333.33 per week for the duration of his disability. Employer filed an appeal bond pursuant to section 19(f)(2) of the Act in order to perfect an appeal to the circuit court. The Commission's decision was confirmed on review by the circuit court of Macon County, and employer appealed to the appellate court. On July 8, 1992, this court affirmed the decision of the Commission. *Moorhead Machinery/ Westinghouse v. Industrial Comm'n* (4th Dist. 1992), No. 4—91—0629WC (unpublished order under Supreme Court Rule 23).

On July 31, 1992, employer tendered two checks to claimant totaling $86,942.70. Employer claimed that this was the accrued amount due on the award as of that date, but claimant disagreed. On August 19, 1992, employer filed a "Motion for Entry of Order of Release and Satisfaction of Judgment with Discharge of Bond" alleging that it had paid claimant $88,903.51 in satisfaction of the award, that the matter was completed and satisfied, and that employer was therefore entitled to a discharge of the appeal bond which had been filed to obtain review of the Commission's decision. Claimant filed objections to employer's motion and a motion for sanctions pursuant to Supreme Court Rule 137. Employer filed a motion to amend, requesting leave to change the amount of the payment alleged in its motion to discharge the bond from $88,903.51 to $86,942.70. Employer also filed a cross-motion for Rule 137 sanctions.

The trial court denied employer's motion for discharge of the bond and its motion to amend. The court also denied both parties' motions for sanctions. The employer appeals from the denial of all three of its motions and claimant cross-appeals from the denial of his motion for sanctions.

■ We first address employer's contention that the trial court erred in denying its motion for discharge of the appeal bond. Section 19(f)(2) of the Act provides in relevant part:

> "No such summons [for judicial review] shall issue unless the one against whom the Commission shall have rendered an award for the payment of money shall upon the filing of his written request for such summons file with the clerk of the court a bond conditioned that if he shall not successfully prosecute the review, he will pay the award and the costs of the proceedings in the courts." Ill. Rev. Stat. 1991, ch. 48, par. 138.19(f)(2).

Employer first claims that the bond should be discharged because the award and the costs of the proceedings on review have been paid in their entirety. This is clearly not the case. The Commission

awarded claimant a wage differential of $333.33 per week for the duration of his disability. There has been no determination that claimant is no longer disabled. In fact, employer continues to make weekly payments to claimant. While employer's payment of $86,942.70 on July 31, 1992, may have been the amount due on the award as of that date, that payment did not, and in fact *could* not, constitute full payment of the award since weekly payments continued after that date and will continue indefinitely. Employer's contention that the award has been paid in full is meritless.

■ We now reach the central issue of this case: When an employer files an appeal bond under section 19(f)(2) of the Act to appeal from an award which calls for periodic payments to the claimant, and the award is confirmed on appeal, when is the bond dischargeable? Section 19(f)(2) states that the bond is not dischargeable until the employer pays the award and the costs of the proceedings in the courts. Claimant asserts that this means the bond must remain in effect until the entire award has been paid, despite the fact that award payments may continue for years or even for the entire life of the claimant. Employer argues that section 19(f)(2) should be interpreted to mean that the bond is dischargeable upon the final adjudication of the rights of the parties if the employer pays the amount due and owing on the award at that time. In other words, the employer must only pay the amount due on the award at the conclusion of the appeal in order to satisfy the condition of the bond. Employer contends that the bond is only intended to protect the claimant during the pendency of the appeal and is not intended to ensure payment of awards of indefinite duration. We agree with employer's argument.

It appears that the trial court relied on *Nierman v. Industrial Comm'n* (1928), 329 Ill. 623, 161 N.E. 115, in denying employer's motion to discharge the bond. In *Nierman*, the court reiterated the rule that the circuit court does not have the authority to enter a judgment for the payment of money on an award which the court is reviewing on appeal from the Commission. In discussing the reasons for the rule, the court stated:

> "The bond which the employer is required to give before he is permitted to prosecute a writ of *certiorari* from the circuit court to review an award makes unnecessary the rendition by the circuit court of a judgment for the payment of money in case the decision of the Industrial Commission is confirmed. *** The legislative intention is that the employee shall be protected by the bond. [Citations.] The bond may continue in effect for many years where the compensation payments are directed to be made periodically." (*Nierman*, 329 Ill. at 626, 161 N.E. at 116.)

While this language from *Nierman* seems to support claimant's position that the bond should remain in effect indefinitely, we decline to adopt this position for three reasons.

First, language from another case appears to conflict with *Nierman*. In *Giertz v. Snyder* (1922), 302 Ill. 618, 620-21, 135 N.E. 57, 59, the court stated as follows:

> "[T]he bond should be security for the payment of the award *until the case is finally determined.* *** When the entire act, its scope and purpose are considered, it would seem to be the reasonable intent and meaning that if an award of compensation is made [to] an injured employee and the employer desires a court review, *the bond required to be given is to protect the employee until the final adjudication of the rights of the parties.*" (Emphasis added.)

This language certainly supports employer's position that the bond is only intended to protect the claimant during the pendency of the appeal.

Second, even if claimant's position was prevailing when *Nierman* was decided, the rationale at that time for keeping an appeal bond in effect indefinitely to protect an award of periodic payments no longer exists. At the time *Nierman* was decided, the Act provided that once judicial review "[had] been taken" the claimant could not obtain a money judgment on the award, even after the appeal was finally determined. (*Nierman*, 329 Ill. at 628, 161 N.E. at 117; see also *Otis Elevator Co. v. Industrial Comm'n* (1919), 288 Ill. 396, 123 N.E. 600.) The only way to collect on an unpaid award was to file suit to collect on the appeal bond. It was therefore necessary to maintain the appeal bond until the entire award was paid in full in order to provide the claimant with a remedy in the event the employer subsequently failed to make payments on the award. However, the Act now allows a claimant to obtain a money judgment on an award at any time, except during the pendency of the appeal. (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(g).) It is now common for courts to enter judgments for the payment of money on awards in cases where the employer had previously appealed from the decision of the Commission. (See *Voorhees v. Industrial Comm'n* (1964), 31 Ill. 2d 330, 201 N.E.2d 382; *Proctor Community Hospital v. Industrial Comm'n* (1971), 50 Ill. 2d 7, 276 N.E.2d 342.) Since a claimant can now obtain a judgment on an award after the conclusion of an appeal, he is placed in the same position and has the same rights he had before the appeal was taken and no longer needs the ongoing protection of the appeal bond.

Third, and most important, we decline to adopt claimant's interpretation of section 19(f)(2) of the Act because it would simply be inequitable. We see no reason why, merely because an employer seeks

judicial review, a claimant should be granted the added protection of an ongoing and indefinite bond upon which to collect in the event the employer fails at any time to make payments on a periodic award. To do so would be to present employers with a Hobson's choice of either declining to appeal from awards which they believe to be erroneous, or risking the potential payment of not only the award, but perhaps years of bond premium payments to their sureties to, in effect, insure their own solvency and that of their insurance carriers. What claimant seeks is, in essence, additional security for the eventual payment of the entire award which is not provided to claimants whose awards are not appealed. Such relief is unnecessary and would be inequitable both to those claimants and to employers.

We therefore interpret the requirement of section 19(f)(2) of the Act that the bond be conditioned upon payment of the award to mean payment of the amount due and owing on the award at the time of the final adjudication of the rights of the parties. That is, the bond is dischargeable when the employer has paid the amount which has accrued on the award during the pendency of the appeal, plus costs and interest. Whether or not that was done in this case is unclear from the record before us. We therefore reverse the trial court's order denying employer's motion to discharge the bond and remand this case to the trial court for a determination of whether the amount paid to the claimant at the conclusion of the appeal was in fact the amount due on the award at that time. If so, employer is entitled to have the bond discharged.

■ Employer also argues that the court erred in denying its motion to amend the motion to discharge the bond. Employer sought to correct a clerical error in the motion to discharge the bond. The motion alleged that employer had tendered $88,903.51 to claimant when in fact employer had paid $86,942.70. The motion to amend became a moot point when the trial court denied the motion to discharge the bond. However, we believe that on remand the motion to amend should be granted. Claimant concedes that $86,942.70 was the amount paid by employer on July 31, 1992. His objection to the motion to amend is that the amount paid was not the amount actually due as alleged in the motion. Of course, whether or not the amount paid by employer at the conclusion of the appeal was the amount due on the award at that time is the very question to be decided by the trial court on remand. Employer's motion to discharge the bond should reflect the actual amount paid.

■ Finally, we address both parties' contentions that the trial court erred in denying their respective motions for sanctions. Each

party argues that its opponent's pleadings regarding the motion to discharge the bond were filed without conducting a good-faith investigation and solely for purposes of harassment. The contentions of both parties are meritless. Each side presented reasonable arguments concerning the motion to discharge the bond. There is no evidence of an intent to harass by one side or the other. Deciding whether to impose sanctions pursuant to Rule 137 is within the sound discretion of the trial court, and its decision will not be disturbed absent an abuse of that discretion. (*Kennedy v. Miller* (1991), 221 Ill. App. 3d 513, 582 N.E.2d 200.) The trial court did not abuse its discretion in denying the motions for sanctions in this case.

For the reasons stated above, the order of the circuit court of Macon County denying employer's motion to discharge the bond and its motion to amend is reversed. The order denying both parties' motions for sanctions is affirmed. This case is remanded to the circuit court for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

McCULLOUGH, P.J., and RAKOWSKI, WOODWARD, and RARICK, JJ., concur.