(No. 19611.—

JOHN KUDLA, Plaintiff in Error, *vs.* THE INDUSTRIAL COM-
MISSION *et al.*—(MICHAEL GORSKI, Defendant in Er-
ror.)

*Opinion filed October 19, 1929.*

JOHN H. MCAULIFFE, for plaintiff in error.

ESTELLE M. WELLS, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county on February 21, 1929, having set aside an award of the Industrial Commission under the Workmen's Compensation act against John Kudla

in favor of Michael Gorski, made another award against Kudla in favor of Gorski. A writ of error was awarded on Kudla's petition, and a transcript of the record has been certified as a return to the writ.

The case has been a long time reaching this court. Gorski was injured on July 26, 1921. He filed with the Industrial Commission an application for an adjustment of compensation on account of the injury on May 27, 1922, and an award was made by the arbitrator in his favor on June 6, 1922. On review by the commission this award was set aside and the petition dismissed on February 20, 1923. On a writ of *certiorari* sued out of the circuit court by Gorski, that court on November 3, 1923, reversed the decision of the commission, and, finding that the record was not complete as to the finding of the period of temporary disability or permanent disability and that for that reason a decision ending the case could not be given at the time, remanded the cause to the Industrial Commission, "with instructions that further evidence be taken to find the period of temporary disability, if it is ended, and if it is not ended, the probable time at which said period will end, and to find the period of permanent disability, if there is permanent disability, and to certify this record and finding thereon to this court." The order of the circuit court ends, "This court retains jurisdiction of the case until further order of court." In accordance with this order further evidence was heard by the commission, and on May 16, 1924, its decision was rendered finding as the circuit court had found and making an award in favor of Gorski. On May 4, 1925, the circuit court, assuming that it still had jurisdiction of the cause, made another order which purported to remand the case to the commission to take evidence in regard to the earnings of Gorski in 1923, and to take into consideration his earnings and render an award accordingly and certify the record of such testimony to the court. Further evidence was accordingly taken, and another award was

made by the commission on July 26, 1927, in .favor of Gorski, and Kudla sued out a writ of *certiorari* from the circuit court, upon which the court entered the order of February 21, 1929, the reversal of which is sought in this proceeding.

No writ of *certiorari* was sued out to review the order of May 16, 1924, and it therefore became conclusive upon the expiration of the twenty days allowed for that purpose by paragraph (*f*) of section 19 of the Workmen's Compensation act. (*Bernstein* v. *Brothman,* 275 Ill. 290.) The writ of *certiorari* authorized by this section is the only method provided for the review of decisions of the Industrial Commission. The order of the circuit court on the hearing of the first writ of *certiorari* on November 3, 1923, by which it sought to retain jurisdiction of the cause, did not have the effect of continuing the jurisdiction of the court over the cause. The writ of *certiorari,* by which the circuit court is given power to review the award of the Industrial Commission in cases under the Workmen's Compensation act, is wholly statutory, and in the exercise of the special statutory jurisdiction conferred upon circuit courts in such cases, they act not by virtue of their general jurisdiction but as courts of special and limited jurisdiction, and their powers are limited by the provisions of the statute. Their authority to make any order must be found in the terms of the statute. (*Central Illinois Public Service Co.* v. *Industrial Com.* 293 Ill. 62; *Moweaqua Coal Mining Co.* v. *Industrial Com.* 322 id. 403.) The court may enter such decision as is justified by law or may remand the cause to the Industrial Commission for further proceedings and may state the questions requiring further hearing and give such other instructions as may be proper. The only authority which the circuit court has on the review by *certiorari* of the decision of the Industrial Commission confirming an award is to affirm the findings and the award of the commission, or to set it aside and enter such a deci-

sion as is justified by law, or remand the cause to the commission for further proceedings. (*Otis Elevator Co. v. Industrial Com.* 288 Ill. 396; *Juergens Bros. Co. v. Industrial Com.* 290 id. 420.) The court did set aside the decision of the commission, and the facts found in the proceedings before the commission being insufficient for the court to enter such decision as was justified by law, the cause was remanded to the Industrial Commission for further proceedings, with instructions stating the questions requiring further hearing, and this was the limit of the authority which the statute conferred upon the court. Upon remandment to the commission the cause was reinstated, with power in the commission to take further evidence and further consider the facts in accordance with the instructions of the court. The court having exhausted the jurisdiction conferred on it by statute, its attempt to retain further jurisdiction was void. It had no authority to require the commission to certify the record, with its finding, to the court. When the cause was reinstated the commission was authorized by law to make an award, and that award could be reviewed only in the manner authorized by law. All subsequent proceedings, whether by the commission or the court, were void. The commission was without jurisdiction and the circuit court was without jurisdiction.

The question of jurisdiction has not been raised by the assignment of cross-errors though it is in the brief of the defendant in error, but want of jurisdiction of the subject matter cannot be waived, and when it appears in the record the court will take notice of it even though the parties do not raise the question.

The order of the circuit court entered on February 21, 1929, is reversed and all the orders of the Industrial Commission subsequent to May 16, 1924, are also set aside.

*Orders of circuit court and of commission set aside.*