(No. 22041.—

FRED DUNAVAN, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM F. SCHAFER *et al.* Plaintiffs in Error.)

*Opinion filed February 23, 1934.*

E. E. Dowell, for plaintiffs in error.

Acton, Acton & Baldwin, (W. M. Acton, of counsel,) for defendant in error.

Mr. Justice DeYoung delivered the opinion of the court:

Fred Dunavan, in an application filed with the Industrial Commission, charged that he suffered an accidental injury while employed by William F. Schafer, Ernest G. Schafer and Albert G. Schafer, partners doing business by the name of Schafer Brothers Coal Company. The arbitrator found that the applicant was not an employee of the respondents at the time of the accident and denied the claim for compensation. The Industrial Commission, on review, heard additional evidence and approved the decision of the arbitrator. The circuit court of Vermilion county, upon the return to a writ of *certiorari,* reversed the decision of the commission and remanded the cause to that body for further proceedings, including the taking of additional evidence, to determine the amount of compensation owing to the applicant. Pursuant to a writ of error, the record is submitted for review.

The writ of *certiorari,* by which the circuit courts review the awards made by the Industrial Commission in cases under the Workmen's Compensation act, is wholly statutory. In the exercise of this special statutory jurisdiction the circuit courts act not by virtue of their general jurisdiction but as courts of special and limited jurisdiction, and their powers are limited by the provisions of the act. (*Kudla* v. *Industrial Com.* 336 Ill. 279). Sub-section (*f*) of section 19 of the Workmen's Compensation act (Cahill's Stat. 1933, p. 1389; Smith's Stat. 1933, p. 1431) provides

that, on a review by a writ of *certiorari,* the circuit court may confirm or set aside the decision of the Industrial Commission; that if the decision is set aside and the facts found in the proceedings before the commission are sufficient, the court may enter such decision as is justified by law or may remand the cause to the commission for further proceedings and that the court may state the questions requiring further hearing and give such other instructions as may be proper.

A judgment or decree is final and reviewable when it terminates the litigation on the merits of the case and determines the rights of the parties. (*Tribune Co.* v. *Emery Motor Livery Co.* 338 Ill. 537; *Peabody Coal Co.* v. *Industrial Com.* 287 id. 407; *Rosenthal* v. *Board of Education,* 239 id. 29). An order of the circuit court remanding a compensation case to the Industrial Commission for further action is interlocutory; it is not a final judgment subject to review by this court upon a writ of error. *Raffaelle* v. *Industrial Com.* 326 Ill. 166; *Peabody Coal Co.* v. *Industrial Com. supra.*

The circuit court, in the present case, set aside the decision of the commission. The facts disclosed by the proceedings before the commission did not afford a sufficient basis for the rendition of a final decision. The court therefore remanded the cause to the Industrial Commission for further proceedings with appropriate instructions respecting the question to be determined and the hearing of additional evidence to that end. The order of the circuit court is not a final one and is not reviewable upon a writ of error.

The defendant in error recognizes that the order of the circuit court lacks finality, but states that he does not urge the question of jurisdiction. Consent or acquiescence, however, cannot confer jurisdiction of the subject matter and it is our duty to decline to proceed in a cause where jurisdiction to determine it is wanting. *Blodgett* v. *Blodgett,*

343 Ill. 569; *Kudla* v. *Industrial Com.* 336 id. 279; *Merkel* v. *Woodside,* 333 id. 489; *Miller* v. *Illinois Central Railroad Co.* 327 id. 103; *Dunlap* v. *Myers,* 325 id. 398; *Larson* v. *Kahn & Co.* 322 id. 147; *Bennett* v. *Bennett,* 318 id. 193; *Road District* v. *McKinney,* 299 id. 130; *Stoddard* v. *Illinois Improvement Co.* 271 id. 98.

The writ of error is dismissed.  *Writ dismissed.*