(No. 22546.—

EDWARD H. MARTIN, Admr., *vs.* THE BANKERS LIFE COMPANY, Appellee.—(JAMES F. HUTCHISON *et al.* Appellants.)

*Opinion filed October 22, 1934—Rehearing denied Dec. 13, 1934.*

OSSIAN CAMERON, and EDWARD H. S. MARTIN, for appellants.

WINSTON, STRAWN & SHAW, (JOHN D. BLACK, WALTER H. JACOBS, and GRIER D. PATTERSON, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Anton H. Luckenbach and fifteen other persons instituted suits in assumpsit in the superior court of Cook county against the Bankers Life Company, a corporation, formerly the Bankers Life Association, of Des Moines, Iowa, to recover damages for alleged violations by the

company of their insurance contracts. General and special demurrers interposed to the declarations were sustained. Luckenbach died, Edward H. Martin was appointed the administrator of his estate, and in that capacity, was substituted for the deceased plaintiff. The causes were ordered consolidated with the suit by Martin as administrator. The plaintiffs made motions to vacate the orders sustaining the demurrers; these motions were denied, and the plaintiffs elected to abide by their declarations. Judgments were rendered that the plaintiffs take nothing by their suits and that the defendant recover its costs. Appeals in all the cases, except one, are prosecuted directly to this court.

It is alleged in each declaration that the plaintiff obtained one or more certificates of membership by which the Bankers Life Association, the predecessor of the Bankers Life Company, agreed, upon the death of the holder and subject to the terms and conditions of the articles of incorporation and the by-laws of the association, the application and the certificate, to pay to the beneficiary a specified sum of money; that the corporation wrongfully made an assessment against the plaintiff resulting in a breach of the insurance contract and that the plaintiff thereby became entitled to damages. The declaration in the suit instituted by James F. Hutchison contains the additional allegation that section 5 of article 3 of the defendant's by-laws is against public policy and violates the fourteenth amendment to the Federal constitution; sections 1, 2 and 19 of article 2 and section 1 of article 6 of the constitution of Illinois, and sections 1 and 9 of article 1 and section 1 of article 5 of the constitution of Iowa.

The grounds of demurrer in each of the cases except Hutchison's are that the declaration fails to set forth with sufficient particularity the elements of damage claimed; that rescission of his contract by the plaintiff is not alleged, but the contrary is shown, and that, upon the allegations

made, the plaintiff is not entitled to judgment. The first and third of the foregoing grounds are assigned by the demurrer to Hutchison's declaration. For the second of those grounds there is substituted the objection that the provisions of the constitution of Iowa are not properly pleaded but should have been set forth *in hæc verba.*

The several suits were instituted on May 16, 1927, and the judgments were rendered on March 2, 1934. Rule 14 of this court, effective until January 1, 1934, required the party prosecuting an appeal to furnish an abstract of the record sufficient to present fully every error upon which the appellant relied. Present rule 38 which became effective on January 1, 1934, contains the same provision (355 Ill. 40). The abstract of the record of the suit instituted by James F. Hutchison refers to the section of the appellee's by-law, which it is alleged is unconstitutional, merely by number. Neither the text nor the substance of the by-law is set forth. Hence the constitutional question sought to be raised in that case is not presented for consideration. No other ground for a direct appeal to this court from the judgment rendered against Hutchison is assigned or argued; and the appellants concede that the record in none of the other cases affords any basis for an initial or direct review by this court.

The mere assertion that a constitutional question is involved in a case is not sufficient, in the absence of other grounds, to give this court jurisdiction upon a direct appeal from a judgment or decree of a trial court. (*Hawkins* v. *Hawkins,* 350 Ill. 227; *People* v. *Pettow,* 320 id. 572; *Dean* v. *Northern Trust Co.* 259 id. 148; *Griveau* v. *South Chicago City Railway Co.* 213 id. 633). Where jurisdiction of the subject matter of a cause does not exist, it can not be conferred by consent or acquiescence; and a court may not proceed to determine a cause of which it has no jurisdiction. *Dunavan* v. *Industrial Com.* 355 Ill. 444; *Hawkins* v. *Hawkins,* 350 id. 227; *Blodgett* v. *Blodgett,*

343 id. 569; *Merkel* v. *Woodside,* 333 id. 489; *Miller* v. *Illinois Central Railroad Co.* 327 id. 103; *Dunlap* v. *Myers,* 325 id. 398; *Larson* v. *Kahn & Co.* 322 id. 147; *Bennett* v. *Bennett,* 318 id. 193; *Road District* v. *McKinney,* 299 id. 130; *Stoddard* v. *Illinois Improvement Co.* 271 id. 98.

The law requires that appeals from the judgments of which the appellants complain shall be prosecuted to the Appellate Court for the First District, and the causes will be transferred to that court. *Causes transferred.*