(No. 22820.—

THE CITY OF CHICAGO, Appellee, *vs.* THE INTERNATIONAL REGISTER COMPANY, Appellant.

*Opinion filed June 14, 1935.*

FYFFE & CLARKE, (JOHN HARRINGTON, of counsel,) for appellant.

WILLIAM H. SEXTON, Corporation Counsel, (OTTO F. WEINER, and WILLIAM V. DALY, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Leave was granted by the municipal court of Chicago to George R. Knippen to file in that court a sworn complaint charging that the International Register Company conducts and operates a machine shop in the city of Chicago without a license, in violation of section 3834A of the revised Chicago code of 1931 as amended. Upon a trial by the court the company was found guilty and was fined one hundred dollars. The trial judge granted a "certificate of importance," and the company prosecuted an appeal direct to this court.

The ordinance in question appears in the abstract as a part of the council proceedings of Chicago 1931, 1932, (December 31, 1931,) page 1365. It defines a machine shop as follows: "A machine shop is hereby defined to be a workshop in which machines are made or metal parts thereof are repaired, or where parts of machines, or tools, implements, gears, dies, screws or other metal articles are cut, filed, shaped or repaired by means of a lathe or other machinery. No person, firm or corporation shall conduct, operate or manage a machine shop within the limits of the city of Chicago without first having obtained a license therefor, provided, however, that this shall not apply to any class of machine shops specifically licensed under other ordinances of the city of Chicago." Other sections provide the manner of making application, the investigation thereon, the license fees and the penalty for violation of the ordinance.

Evidence on behalf of the city tended to show that appellant operated or had on hand lathes, manufacturing parts, various metal parts, punch presses, drill presses and monitors. The evidence of appellant tends to show that

it manufactures registers for street railway companies, a device called a "meter" for the sale of refrigerators on a payment plan, a cutting machine to be sold at wholesale, candy and gum-vending machines sold only to one company, and that the machinery in the building is used solely for the production of these various machines, and parts thereof, which it sells. The issue presented by the only pleadings in the case is whether appellant conducts a machine shop in violation of the ordinance mentioned.

The constitutionality of the ordinance is questioned in the brief of appellant but the abstract does not show that the question was raised in the trial court. The fact that the record may do so is not sufficient. Rule 38 of the rules of this court, so far as pertinent, provides that "in all cases the party prosecuting an appeal in the Supreme or Appellate Court shall furnish a complete abstract of the record, referring to the pages of the record by numerals on the margin. * * * The abstract must be sufficient to present fully every error relied upon, and it will be taken to be accurate and sufficient for a full understanding of the questions presented for decision unless the opposite party shall file a further abstract, making necessary corrections or additions. Such further abstract may be filed if the original abstract is incomplete or inaccurate in any substantial part." This rule is substantially the same as rule 14 of the previous rules of this court. The abstract must show that a constitutional question was raised in the trial court. (*Martin v. Bankers Life Co.* 358 Ill. 388; *Shumway v. Shumway,* 357 id. 477; *Montgomery Ward & Co. v. Industrial. Com.* 304 id. 576.) The abstract here filed does not show that a constitutional question was raised. It states that the trial judge signed a "certificate of importance," but such statement does not show a constitutional question presented.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*