(No. 24426.—)

THE METROPOLITAN LIFE INSURANCE COMPANY, Appellee, *vs.* SOL RUBIN *et al.*—(MAURICE R. UNION, Appellant.)

*Opinion filed December 22, 1937—Rehearing denied Feb. 3, 1938.*

MAX M. GROSSMAN, and EDWARD M. KEATING, for appellant.

HOYNE, O'CONNOR & RUBINKAM, and GEORGE GIL-LETTE, (NATHANIEL RUBINKAM, NORBERT B. TYRRELL, and WILLIAM S. ALLEN, of counsel,) for appellee.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

September 29, 1933, the Metropolitan Life Insurance Company filed its verified bill of complaint in the superior court of Cook county to foreclose the trust deed made to it on June 1, 1929, by Sol Rubin and his wife, on certain real estate in Cook county, securing their note for $125,000, payable in installments, alleging default in the payment of interest, principal, taxes, etc. Sol Rubin and his wife, the Hawkins & Loomis Company, Maurice R. Union and others were made defendants.

The bill alleges that prior to the execution and recording of the trust deed there appeared of record in the re-

corder's office of Cook county, three trust deeds therein particularly described, aggregating a total of more than $106,000; that it was the understanding with Sol Rubin and his wife that their trust deed to the complainant was to be a first and prior lien on the premises and, at the request of mortgagors, complainant paid the outstanding indebtedness against the premises evidenced by the three trust deeds described, and the general taxes for the year 1927, then a lien, together with the costs and expenses in connection with the re-financing. It was further alleged that although the three prior trust deeds were released of record at the time they were paid out of the proceeds of the new loan, such releases were not intended to constitute or evidence an absolute payment or extinguishment of those liens but that complainant, as owner and holder of the indebtedness secured by its trust deed, succeeded in equity to all the rights of the owners and holders of the unpaid indebtedness secured by the three prior trust deeds, and that such liens were kept alive for the protection of complainant under its trust deed. The disbursements were itemized and show payment of the three prior trust deeds, taxes, etc., and the balance paid to the mortgagor, Sol Rubin.

It was alleged that on January 26, 1927, a judgment was rendered in favor of the Hawkins & Loomis Company, a corporation, against Sol Rubin, in the municipal court of Chicago, first district, for $1000; that on January 30, 1929, a satisfaction of this judgment was filed in that court and its records show the judgment was satisfied by the following entry appearing on the record: "The within judgment was satisfied of record this 30th day of January, 1929, as per satisfaction piece filed. James A. Kearns, clerk, per Stanley Mistalski, deputy clerk." After the satisfaction of the judgment, which was entered some months prior to the recording of the mortgage to complainant, there appeared of record in the municipal court certain motions and orders disclosing that on April 11, 1930, a motion was made by

the Hawkins & Loomis Company to strike the satisfaction piece from the files. A hearing thereon was set for May 1 and defendant Rubin was ordered to file his answer in ten days. On February 11, 1931, an entry was made by Judge Rooney showing the motion sustained and the satisfaction piece was ordered stricken from the files. On January 15, 1932, a motion made by the defendant Sol Rubin before Judge Rooney, to vacate the order entered February 11 was sustained, and on the same day Judge Lupe entered a motion made by the judgment creditor and continued it to January 25, 1932. On February 1, 1932, Judge Lupe sustained the motion and ordered the satisfaction piece stricken from the files. An appeal from this order was prayed but never perfected.

The bill further alleges that on December 24, 1931, a *pluries* execution was issued out of the municipal court under which the bailiff levied on the premises in question and filed a certificate of levy in the recorder's office on December 31; that on March 2, 1932, pursuant to that execution and levy, the bailiff purported to sell the premises to the Hawkins & Loomis Company for $1320.04, a certificate of sale was issued to the purchaser and a copy filed for record in the recorder's office on May 30, 1932. It is further alleged that Maxwell L. Rubin, an attorney, the son of Sol Rubin, the judgment debtor, appeared on behalf of the latter at the hearing on the motion to have the satisfaction piece stricken and represented to the court that $500 had been paid in settlement of the judgment.

The bill further alleges that shortly before the period for redemption expired, Maxwell Rubin, acting for his father, called on Donald M. Schaffer, the attorney who represented the Hawkins & Loomis Company, and stated he was interested in cleaning up the judgment and sale for his father. After some negotiations, a settlement was reached and Maxwell requested Schaffer to have the certificate assigned in blank, saying he did not want title taken

in the name of his father; that the consideration for the assignment was paid by Maxwell Rubin, on behalf of his father, and the assignment was obtained from Schaffer on the representation above mentioned; that thereafter, on September 16, 1933, the bailiff of the municipal court issued his deed to defendant, Maurice R. Union, which deed was filed for record on September 19. The bill also alleges that Union took the deed on behalf of Sol Rubin for the purpose of hindering and delaying the complainant in the enforcement of the lien of its trust deed; that Sol Rubin is the real owner of and in actual possession of the premises; that by reason of the bailiff's certificate of sale and deed having been acquired for and on behalf of Sol Rubin, the mortgagor, the rights, if any, under said certificate and deed became subject and subordinate to the lien of complainant's trust deed.

The bill alleges, further, that the proceeds of the loan secured by the trust deed were paid in good faith and in reliance upon the public records of Cook county and the municipal court of Chicago showing the judgment against Sol Rubin satisfied, and that such satisfaction still appears of record in the municipal court and has never been expunged; that the proceeds of the loan made by complainant and secured by the trust deed were disbursed without any notice, actual or constructive, that there was any question about the genuineness of the satisfaction piece filed in the municipal court purporting to satisfy the judgment. The bill prayed the trust deed might be decreed to be a valid first lien on the premises, for an accounting, etc.

The defendants Sol Rubin and his wife, answered, alleging that at the time the bill was filed the legal title to the premises involved was not in Sol Rubin. Defendant Union in his amended answer denied the complainant was entitled to any of the relief prayed for, and specifically denied that the trust deed was a valid first lien, denied that Sol Rubin was the present owner and averred that he,

Union, was the owner in fee simple of the premises and set out how he acquired title. He further denied that Maxwell Rubin acted on behalf of his father, Sol Rubin, in the purchase of the certificate of sale, but says that Maxwell Rubin acted for the defendant Union and that the latter paid the consideration; denied he took the deed for and on behalf of Sol Rubin; denied the deed was taken in Union's name for the purpose of hindering and delaying the complainant or any other person and alleges that after the delivery of the deed, he took possession of the premises, etc.

The cause was referred to a master. The evidence taken before him was with reference to the complainant's alleged right to subrogation and to sustain its allegation that Union purchased the property for and on behalf of Sol Rubin and not for himself. The master found that the allegations of the bill had been proved. Exceptions were filed and overruled and the superior court entered a decree in substantial compliance with the findings of the master. The defendant Union has perfected an appeal to this court from that decree, seeking to obtain a reversal of it. He has listed sixteen points relied on for reversal of the decree. The first fifteen deal with questions of evidence, and the propriety of the chancellor's rulings on exceptions to the master's report. The sixteenth is: "The court erred in finding that the right, title and interest of this appellant, Maurice R. Union, is junior, subordinate and inferior to the lien of the Metropolitan Life Insurance Company under its trust deed." No freehold is involved and no other reason is shown why this court should take jurisdiction of this appeal. This case is distinguishable from *Trapp* v. *Gordon,* 366 Ill. 102.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*