(No. 24837.—

WALTER WAISHWELL, Appellee, *vs.* HELEN DOBERSTEIN, Trustee, *et al.*—(MATILDA YOELIN *et al.* Appellants.)

*Opinion filed December 15, 1938.*

ESTELLE M. WELLS, for appellants.

ALEX JANOSKI, HAROLD L. REEVE, and EDMUND J. REYNOLDS, (NORBERT B. TYRRELL, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Appellants have appealed directly to this court from a decree of the circuit court of Cook county in favor of ap-

pellee, foreclosing a trust deed as a purchase-money mortgage and as a first and paramount lien on certain premises in the city of Chicago. The answers and counter-claims of appellants challenge the *bona fides* of the trust deed, and claim a first and paramount lien on the premises through awards of the Industrial Commission against John Kudla in favor of Michael Gorski, now deceased, for compensation and a penalty for delayed payment, and subsequent proceedings to perfect and enforce the lien.

Appellee leased the premises to Rozalia Kudla in September, 1924, and in September, 1925, they entered into a contract for the sale of the premises to her at the price of $14,000. In December of that year the premises were conveyed to her upon a payment of $5000 in cash, appellee taking back the trust deed in controversy to secure a principal note of $9000 and interest coupons. The trust deed recites the note was given in part purchase of the premises. Appellee later sold the note to Frank Lapinski with an agreement to repurchase. Four thousand dollars was later paid on the debt, leaving $5000 of the principal unpaid. Appellee repurchased the note for $3125.

The award of the Industrial Commission, through which appellants' claim originated, was made on May 16, 1924. A certified copy was recorded in the office of the recorder of deeds of Cook county on August 14, 1924. The award was confirmed by this court in October, 1929. (*Kudla* v. *Industrial Com.* 336 Ill. 279.) Subsequently, a penalty for non-payment was assessed and judgments entered against Kudla for $7336.69 in March and July, 1930. In December of that year Gorski filed a creditor's bill to reach the property of Kudla in satisfaction of the judgments, making Helen Doberstein, trustee in the trust deed here in issue, one of the defendants. It was alleged that Rozalia Kudla fraudulently held title to the premises for the benefit of John Kudla, to defeat the collection of the claim of Gorski. Part of the relief sought was the cancellation of the trust

deed as fraudulent. The trial court set the trust deed aside and ordered a sale of the premises and other property not here involved in satisfaction of the lien claimed. The Appellate Court upheld the contention that Rozalia Kudla held title for the benefit of her husband, but held the trust deed was a valid lien and reversed that part of the decree of the lower court setting it aside. No finding as to priority between the liens was made. That judgment has never been reversed, and remains in full force and effect. (*Yoelin* v. *Kudla*, 287 Ill. App. 618.) On remandment to the trial court the premises were offered at master's sale under the original decree, but no bids were received.

The judgment of the Appellate Court being final as to the validity of the trust deed, the only triable issue is the question of priority between the liens. No freehold is involved in such a proceeding and this court has no jurisdiction of the appeal. (*Metropolitan Life Ins. Co.* v. *Rubin*, 367 Ill. 636; *Kagy* v. *Luke*, 357 id. 512.) The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*