(No. 24992.— ▬▬▬▬▬▬)

THE BROWN SHOE COMPANY, INC., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SHERMAN WICKHAM, Defendant in Error.)

*Opinion filed April 14, 1939.*

SMITH & MURRAY, and NAGEL, KIRBY, ORRICK & SHEP-LEY, for plaintiff in error.

J. EDWARD JONES, for defendant in error.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

Sherman Wickham filed his application with the Industrial Commission claiming compensation and alleging he had suffered an accidental injury in the course of and arising from his employment by the Brown Shoe Company. On hearing before an arbitrator it was found, as a matter of fact, that there was no evidence of any accidental injury and no proof that his condition was the result of any accident. This finding of the arbitrator was confirmed by the

commission, but, upon *certiorari,* the circuit court of Cook county remanded the cause to the commission with directions to hear evidence and determine the extent of disability.

Pursuant to this mandate of the circuit court of Cook county, the commission entered an award of $11 per week for 364 weeks and, thereafter, an annual pension of $320.53. A writ of *certiorari* from the circuit court of Coles county was sued out to review this award and that court approved the award, except as to amount, holding that there was no evidence to support the finding that the employee had one child. The cause was again remanded to the Industrial Commission with directions to hear evidence on that point and evidence as to the amount of wages received by the employee. On petition, we allowed a writ of error to the circuit court of Coles county.

The writ of *certiorari* by which a circuit court reviews an award of the Industrial Commission is wholly statutory and on such a writ the power of the court is limited to the provisions of the act. (*Kudla* v. *Industrial Com.* 336 Ill. 279; Ill. Rev. Stat. 1937, chap. 48, par. 156.) In *Dunavan* v. *Industrial Com.* 355 Ill. 444, and *Peabody Coal Co.* v. *Industrial Com.* 287 id. 407, we held that an order of the circuit court remanding a compensation case to the Industrial Commission for further action is interlocutory, and is not such a final judgment as is subject to review by this court on writ of error. The full record, as shown by the additional abstract, discloses that this cause is now pending before the Industrial Commission and there is nothing we can review at this time.

The writ of error was improvidently issued and it will be dismissed.           *Writ of error dismissed.*