Walter Waishwell, Appellee, v. Helen Doberstein et al., Defendants.

Matilda Yoelin, Administratrix of Estate of Michael Gorski, Deceased, and James G. Barsaloux, Appellants.

Gen. No. 40,647.

Opinion filed May 2, 1939.   Rehearing denied May 20, 1939.

ESTELLE M. WELLS, of Chicago, for appellants.

ALEX JANOSKI, HAROLD L. REEVE and EDMUND J. REYNOLDS, all of Chicago, for appellee; NORBERT B. TYRRELL, of Chicago, of counsel.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This is a foreclosure suit in which the defendants appealed directly to the Supreme Court from a decree

of the circuit court in favor of plaintiff. That court transferred the appeal to this court, holding that no freehold is involved where the only question on appeal is the priority of the lien of a trust deed, the validity of which has been finally determined, over the lien of a judgment arising out of an award under the Workmen's Compensation Act.

Plaintiff, Walter Waishwell, filed a complaint to foreclose a trust deed as a first lien on the premises involved. The answer and counterclaim of Matilda Yoelin, as administratrix of the estate of Michael Gorski, deceased, and the answer of James G. Barsaloux, as the receiver appointed in another proceeding instituted by Gorski in his lifetime, by the filing of a complaint in the nature of a creditor's bill, seek to establish an award by the industrial commission to said Gorski as a paramount lien on the same premises. No question arises on the pleadings.

For a clearer understanding of the issues it is necessary to state the facts somewhat fully. Michael Gorski sustained injuries while working as an employee of John Kudla on a building at 2459 South Whipple street, Chicago, which is not the property involved in this suit. May 16, 1924, the industrial commission made an award in favor of Gorski against John Kudla, of which a certified copy was recorded August 14, 1924.

September 1, 1924, plaintiff, Walter Waishwell, leased the premises involved in this foreclosure proceeding to Rozalia Kudla, wife of John Kudla, for a period of five years for a rental of $5,040, payable in monthly instalments. This lease contained an option entitling Rozalia Kudla to purchase the premises on or before September 1, 1925, for $14,000, of which $5,000 was to be paid in cash and a first mortgage given for the balance of $9,000, payable in five years with interest at 6 per cent. The option to purchase expired, but on September 28, 1925, Rozalia Kudla entered into

a real estate contract to purchase the leased premises from Waishwell on the terms stated in the lease. Thereafter the parties met and Waishwell delivered his warranty deed conveying the leased premises to Rozalia Kudla and simultaneously received in consideration thereof $5,000 in cash and a first mortgage on said premises for $9,000, in accordance with the terms of the real estate sales contract. The warranty deed executed by Waishwell and the trust deed in the nature of a mortgage executed by the Kudlas were both acknowledged December 1, 1925, before the same notary and were both recorded simultaneously on February 2, 1926. The trust deed contains below the description of the premises the recital: "The notes mentioned in the within Trust Deed have been given in part purchase of the aforesaid property."

On April 13, 1927, Waishwell sold the mortgage to Frank Lapinski and agreed to guarantee the payment of said mortgage, as well as to repurchase same if the principal and interest provided for therein were not paid at maturity. On December 4, 1930, and again in 1933, the maturity date of the mortgage was extended by the then holder of same and the Kudlas by written agreement, to which Waishwell was not a party. The principal and interest on the mortgage not having been paid at maturity, Waishwell repurchased same from Lapinski May 12, 1937, and commenced this proceeding to foreclose the lien of the trust deed on May 21, 1937.

Theretofore, on December 16, 1930, Gorski filed a complaint in the nature of a creditor's bill (*Gorski v. Kudla,* circuit court case No. B-211606) to enforce payment of his compensation award against John Kudla out of the mortgaged property involved here and other property, all of which he asserted belonged to John Kudla, although the legal title thereto was in Rozalia Kudla. Gorski made Helen Doberstein, the trustee

named in the trust deed given to secure the purchase money indebtedness to Waishwell a party defendant, and attempted to establish in the creditor's suit that the mortgage to Waishwell was not a valid lien and to have it canceled and removed as a cloud upon the title to the property. While the creditor's suit was pending Gorski died and Matilda Yoelin, his administratrix with the will annexed, was substituted as plaintiff therein. John Kudla died March 13, 1934. July 9, 1935, a decree was entered in the creditor's suit which ordered the Waishwell mortgage canceled and removed as a cloud on the title to the premises here involved and which further ordered a sale of this property, as well as other real estate, to satisfy the award.

An appeal was taken to this court from the decree entered in the creditor's suit, which decree was affirmed in so far as it ordered the sale of the properties but reversed as to that portion thereof which ordered the cancelation of the Waishwell mortgage. [*Yoelin v. Kudla*, 287 Ill. App. 618 (Abst.).] Relative to the trust deed before us here, we held in that case as follows:

"As to the finding of the decree that the trust deed from John Kudla and his wife, Rozalia Kudla, to Helen Doberstein, as trustee, was executed without consideration and as part of the scheme of the Kudlas 'to avoid paying compensation to Michael Gorski,' we think that the chancellor was clearly in error. When the property at 3856–58 Kedzie was purchased from Waishwell in the name of Rozalia Kudla on November 23, 1925, for $14,000, $5,000 was paid in cash and the balance of $9,000 by the execution of a purchase money mortgage in that amount secured by the trust deed to Helen Doberstein. There is not a scintilla of evidence in the record that Helen Doberstein ever had any interest in this $9,000 mortgage indebtedness except as trustee, but the record does show that Waishwell, from whom this property was purchased, took

back this mortgage as part payment of the purchase price and later sold it to one Rybinski [Lapinski] for $9,000. The trust deed to Helen Doberstein securing the $9,000 indebtedness against the property is a valid lien upon same and John Kudla and Rozalia Kudla never at any time had any right, title or interest in or to the said trust deed or the principal note secured thereby. That portion of the decree setting aside and canceling this trust deed and removing it 'as a cloud from the title' to the property in question must, therefore, be reversed.''

Our judgment in the foregoing appeal holding that the trust deed under foreclosure in the instant case is a valid purchase money mortgage lien has not been reversed, and remains in full force and effect. The mandate of the Appellate Court issued pursuant to said judgment.

In the case at bar the master reported and the chancellor found and decreed that the mortgage in question is a first and paramount lien upon the premises for $6,382.59 and interest and costs, and ordered the premises sold to satisfy said indebtedness. Both Matilda Yoelin, administratrix with the will annexed of the estate of Michael Gorski, deceased, and James G. Barsaloux, receiver in circuit court case No. B–211606, prosecute this appeal to reverse the decree of foreclosure and sale.

This court in the appeal in the creditor's proceeding having held that the Waishwell mortgage was a purchase money mortgage and a valid lien upon the property sold by Waishwell to Rozalia Kudla, and the Supreme Court in *Waishwell v. Doberstein*, 370 Ill. 111, the instant appeal, which, as heretofore said was transferred from that court to the Appellate Court, having held "the judgment of the Appellate Court [*Yoelin v. Kudla, supra*] being final as to the validity of the trust deed, the only triable issue is the question

of priority between the liens," defendants are precluded from questioning the existence and validity of the lien of the Doberstein trust deed or its character as a purchase money mortgage. Furthermore the validity of said lien and the character of said mortgage are clearly and conclusively established by the evidence in the record. Both the execution of the mortgage note and the trust deed securing the indebtedness, as well as the consideration therefore were fully proved or admitted.

As heretofore shown the industrial commission made its award to Gorski on May 16, 1924, a certified copy of same being recorded August 14, 1924; and the warranty deed, executed by Waishwell and his wife, conveying the property to Rozalia Kudla, and the trust deed in the nature of a mortgage executed by the Kudlas, were both acknowledged December 1, 1925, and recorded on February 2, 1926. The undisputed evidence discloses that although the warranty deed from the Waishwells to Rozalia Kudla was executed on November 23, 1925, and the Doberstein trust deed was executed December 1, 1925, both conveyances were acknowledged at the same time on December 1, 1925, and recorded at the same time on February 2, 1926. The undisputed evidence also shows that the $9,000 mortgage note and the Doberstein trust deed securing same were delivered to Waishwell at the same time he delivered his warranty deed to Rozalia Kudla.

The major question presented is whether Gorski's prior compensation award against the purchaser of the property involved is superior or subordinate to the mortgage given by the purchaser, Rozalia Kudla, to Waishwell, the seller, as part of the purchase price of the land.

We have carefully read and considered the cases cited on this question and without exception they hold that the lien of a purchase money mortgage is superior to that of a judgment against the mortgagor, even

though the judgment against such mortgagor is rendered before the purchase of the property and the execution of the mortgage in part payment of the purchase price thereof. Defendants insist that the Gorski award attached as a lien upon the equitable interest or title of John Kudla in the premises at the moment they were conveyed to his wife, Rozalia Kudla. But they overlook the fact that after the execution of the Doberstein trust deed the interest of Kudla was never more than an equity in the property sold by Waishwell to Rozalia Kudla, and in the event of the foreclosure of the purchase money mortgage was never more than the right to the proceeds of the foreclosure sale, subject, however, to the satisfaction of plaintiff's superior lien out of said proceeds and the further right to redeem from said foreclosure sale.

In *Curtis v. Root,* 20 Ill. 53, it was said at p. 57:

"It is a principle of law too familiar to justify a reference to the authorities, that a mortgage given for the purchase money of land and executed at the same time the deed is executed to the mortgagor, takes precedence of a judgment against the mortgagor. The execution of the deed and of the mortgage being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through his hands and vests in the mortgagee without stopping at all in the purchaser, and during such instantaneous passage the judgment lien cannot attach to the title. This is the reason assigned by the books, why the mortgage takes precedence of the judgment rather than any supposed equity which the vendor might be supposed to have for the purchase money; though that consideration may have originated the rule at the first. Indeed, nearly all the cases to be met with are cases where the mortgage has been given to the vendor and for the purchase money." (To the same effect are *Roane v. Baker,* 120 Ill. 308; *Christie v.*

*Hale,* 46 Ill. 117; *Elder v. Derby,* 98 Ill. 228; *Gorham v. Farson,* 119 Ill. 425.)

In *Roane v. Baker,* 120 Ill. 308, the court said at p. 314:

"It is true, that the judgment, which was affirmed in *Curtis v. Root,* 20 Ill. 53, was afterwards reversed in the same case, as reported in 28 Ill. 367 and 38 id. 192, upon other grounds, but the case in 20 Ill. still stands, as authority for the doctrine announced in the above quotation [referring to the foregoing quotation from the Curtis case], where the deed and purchase money mortgage are executed at the same time. Freeman on Judgments, sec. 360, says: 'A mortgage, trust deed or other instrument, given to secure the purchase money, takes precedence over a prior judgment lien against the vendee.' *Dusenbury v. Hulbert,* 59 N. Y. 541."

This is a proceeding in a court of equity. The judgment creditor, without being any worse off than before the purchase of this property by Rozalia Kudla from Waishwell, seeks enforcement of a purely legal and technical lien through a cross complaint for affirmative relief against property which has not been paid for by its apparent owner, the judgment debtor. (*Roane v. Baker et al., supra.*) "The vendor did not intend to release the land from a lien for the purchase money, and supposed by taking the mortgage he had effectively secured the lien, and in equity we think he did, and that it should be protected." (*Elder v. Derby et al., supra.*)

We are impelled to hold that under all the circumstances of this case Waishwell's purchase money mortgage should have precedence over the lien of Gorski's award.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*

SCANLAN, P. J., and FRIEND, J., concur.