(No. 26156.—

GUY A. THOMPSON, Trustee, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(W. W. DAVIS, Plaintiff in Error.)

*Opinion filed Sept. 15, 1941—Rehearing denied November 18, 1941.*

Louis E. Miller, and Quinten E. Spivey, (James K. Moran, of counsel,) for plaintiff in error.

Whitnel, Browning, Listeman & Walker, (T. T. Railey, of counsel,) for defendant in error.

Mr. Chief Justice Murphy delivered the opinion of the court:

In April, 1938, W. W. Davis was in the employ of defendant in error in the railroad service and while so engaged received an injury. Defendant in error made various payments on account of the injury, totaling $1606.50. In April, 1940, the employer applied to the Industrial Commission to have compensation awarded Davis in accordance with the Workmen's Compensation act of this State. Davis resisted such application contending he was engaged in interstate commerce at the time of the injury and that he had a right of action for damages under the Federal Employers' Liability act. At the conclusion of the hearing before an arbitrator, Davis moved to dismiss for want of jurisdiction. The arbitrator found he was engaged in work relating to intrastate commerce at the time of the injury and fixed compensation. On review, the Industrial Commission reversed the decision of the arbitrator, finding that Davis' injuries arose out of employment connected with

interstate commerce. On *certiorari,* the circuit court of Jackson county entered a judgment reversing the decision of the commission and finding that at the time of his injury Davis was engaged in intrastate commerce. The judgment ordered that "the cause is remanded to the Industrial Commission of Illinois with directions that it determine the nature and extent of the disability of W. W. Davis, the amount of compensation, if any, due him under the Workmen's Compensation act of Illinois and to enter a proper award therefor."

The jurisdiction of the circuit court to review a decision of the Industrial Commission under the Workmen's Compensation act is wholly statutory, and its power, in the exercise of this special statutory jurisdiction, is limited by the provisions of the statute. (*Kudla* v. *Industrial Com.* 336 Ill. 279; *Nierman* v. *Industrial Com.* 329 id. 623; *Moweaqua Coal Co.* v. *Industrial Com.* 322 id. 403.) Under sub-section (f) of section 19 of the Workmen's Compensation act (Ill. Rev. Stat. 1939, chap. 48, par. 156(f) (2)) the circuit court, on review by a writ of *certiorari,* may confirm or set aside the decision of the Industrial Commission. If the decision is set aside the court has two alternatives: (a) Either to enter such a decree as is justified by the facts and required by law, or (b) to remand the cause to the commission for further proceedings. The court may state the questions requiring further hearing and give such other instructions as may be proper, but the only remanding order authorized by the statute is a remandment for further proceedings. *Peabody Coal Co.* v. *Industrial Com.* 287 Ill. 407.

The same section of the act confers jurisdiction on this court to review the judgment of the circuit court by writ of error. The jurisdiction of this court is limited, however, to a review of final judgments. A judgment or decree is final and reviewable by this court when it terminates the litigation on the merits of the case and determines the

rights of the parties. *Tribune Co.* v. *Emery Motor Livery Co.* 338 Ill. 537; *McDonald* v. *Walsh,* 367 id. 529.

In *Brown Shoe Co. Inc.* v. *Industrial Com.* 371 Ill. 273, an order of the circuit court remanding a compensation case to the Industrial Commission to hear evidence was held to be interlocutory, and not a final judgment subject to review by this court on writ of error. To the same effect are *Dunavan* v. *Industrial Com.* 355 Ill. 444, and *Peabody Coal Co.* v. *Industrial Com. supra.*

The judge of the court in the present case remanded the cause to the commission with directions requiring it to determine the nature and extent of Davis' disability and the amount of compensation, if any, due to him under the Workmen's Compensation act. Such an order is not a final one, and is not reviewable by writ of error. The right of the parties to have the question whether plaintiff in error was under the Workmen's Compensation act or the Federal Employers' Liability act reviewed by writ of error, if and when a final judgment has been entered in this cause, is not affected by this holding.

No point is made in the briefs or argument of counsel that the order of the circuit court lacks finality, but jurisdiction can not be conferred upon this court by consent or acquiescence, and it is our duty to decline to proceed in a cause where jurisdiction to determine it is wanting. *Blodgett* v. *Blodgett,* 343 Ill. 569; *Merkel* v. *Woodside,* 333 id. 489; *Dunlap* v. *Myers,* 325 id. 398; *Dunavan* v. *Industrial Com. supra.*

The writ of error was improperly issued by this court on petition and it will be dismissed.

*Writ of error dismissed.*