(No. 29991.—

MOFFAT COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EDWARD HERBERGER, Defendant in Error.)

*Opinion filed May 22, 1947.*

W. C. ROPIEQUET, of St. Louis, Mo., for plaintiff in error.

MEYER & MEYER, of East St. Louis, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Edward Herberger, on August 23, 1944, filed with the Industrial Commission an application for adjustment of his claim for compensation against the Moffat Coal Company. He alleged that on August 8, 1944, he became totally and permanently disabled from silicosis, an occupational disease contracted by him while employed by the company.

On October 5, 1944, at the request of the company, he appeared before Dr. Charles W. Miller and Dr. Joseph C. Peden, at their offices in St. Louis, Missouri, and submitted himself to a complete and thorough physical examination. December 28, 1944, Herberger served the company with medical reports of his condition from the United States Veterans Hospital at Marion, Illinois. Thereupon the company at once requested him to again submit, at its expense, to another examination by Drs. Miller and Peden. Herberger refused to do so, and on the petition of the em-

ployer, an order was entered by the Industrial Commission on April 3, 1945, under section 12 of the Workmen's Occupational Diseases Act, (Ill. Rev. Stat. 1945, chap. 48, par. 172.12,) suspending his right to compensation until such time as he might comply with the employer's request or until the further order of the commission. This order of the commission suspending the right to compensation was taken by *certiorari* to the circuit court of Randolph county, and by that court reversed and set aside. The company sought to have this circuit court order reviewed by this court on writ of error, but the petition for the writ not being filed until after the expiration of the time allowed by statute for filing the same, (Ill. Rev. Stat. 1945, chap. 48, par. 172.19(f)(2),) we dismissed the petition without a consideration of its merits.

Thereafter the claim for compensation was set for hearing before the arbitrator, and the company again requested the employee, Herberger, to appear before Drs. Miller and Peden for a physical and X-ray examination. Herberger again refused and a petition asking that compensation be suspended was again filed by the company. A hearing was had before the commission upon said petition, the employee's answer thereto, and the employer's reply to the answer, and, on April 2, 1946, the commission again entered an order suspending the employee's right to compensation until such time as he should comply with the company's request or until the further orders of the commission. This order was likewise removed by *certiorai* to the circuit court of Randolph county and that court, on December 2, 1946, again entered an order reversing and setting aside the commission's order suspending compensation. We have allowed a writ of error to issue for the review of this last order of the circuit court.

The jurisdiction of the circuit court to review decisions of the Industrial Commission under the Workmen's Occupational Diseases Act is derived from section 19 of the act.

(Ill. Rev. Stat. 1945, chap. 48, par. 172.19.) The jurisdiction of this court to review such judgments and orders of the circuit court is derived from the same section. This section, insofar as it relates to the jurisdiction of the Industrial Commission, the circuit court and this court, is substantially the same as section 19 of the Workmen's Compensation Act. (Ill. Rev. Stat. 1945, chap. 48, par. 156.) The provisions of the Workmen's Occupational Diseases Act which are similar to those of the Workmen's Compensation Act must receive the same construction. (*People ex rel. Radium Dial Co.* v. *Ryan*, 371 Ill. 597.) We have held many times in cases under the Workmen's Compensation Act that the jurisdiction of this court is limited to a review of final judgments and orders. (*Thompson* v. *Industrial Com.* 377 Ill. 587; *Brown Shoe Co.* v. *Industrial Com.* 371 Ill. 273; *Dunavan* v. *Industrial Com.* 355 Ill. 444; *Cooke* v. *Industrial Com.* 340 Ill. 309; *Peabody Coal Co.* v. *Industrial Com.* 287 Ill. 407.) A judgment or decree is final and reviewable by this court when it terminates the litigation on the merits of the case and determines the rights of the parties. (*Thompson* v. *Industrial Com.* 377 Ill. 587.) A final judgment may be one which finally disposes of the rights of the parties upon the merits of the general controversy which is the subject matter of the litigation, or it may be one upon the merits of only one definite and separate branch thereof, if the effect of such decision is the final disposition of the litigation. (*Brauer Machine and Supply Co.* v. *Parkhill Truck Co.* 383 Ill. 569.) The order which plaintiff in error attacks does not meet either of the foregoing requirements. It does not settle the entire controversy between the parties nor dispose of the litigation in which they are engaged. It does not decide that defendant in error is entitled to compensation and ascertain and declare the amount thereof. Neither does it decide that he is not entitled to compensation. Nor as the result of the order must his claim be

dismissed. The effect of the order is neither a disposition of the litigation between the parties nor a settlement of the subject matter of the controversy. It merely decides that defendant in error is not required to submit to a physical and medical examination as a condition to his right to a hearing upon his claim. It does not finally determine the rights of the parties. Defendant in error's claim against plaintiff in error for compensation is still pending. Whether the one or the other will succeed in the action is yet undetermined.

The order of the circuit court is analogous to a ruling by a court refusing to compel a litigant to produce books or papers for the inspection of his opponent, preparatory to the trial of the cause. This court held, in the case of *Illinois Trust and Savings Bank* v. *Howard,* 185 Ill. 332, that the denial of a motion by the defendant in an ejectment suit, preparatory to the trial of the cause, to compel the plaintiff to produce his deed for inspection, in order that it might be submitted to experts on handwriting and its genuineness otherwise tested, was not a final order from which an appeal would lie. And, in the case of *Lester* v. *Berkowitz,* 125 Ill. 307, we held that an order of the court upon the defendants in a suit at law to place certain books in which the business transactions of the defendants with the plaintiffs and other persons were recorded, in the possession of the clerk of the court for the inspection of the plaintiff and his attorney, in order that they might prepare for the trial of the cause, was not such a final order as could be reviewed on appeal or writ of error.

The circuit court order did not remand the cause to the Industrial Commission for further proceedings, but the absence of such a provision would not render reviewable an order which lacked the essentials of a final judgment. The Industrial Commission was a party to the circuit court proceedings in which the order was entered. It is evident from a reading of the entire order that the unmistakable

meaning thereof is that the Industrial Commission must grant the defendant in error a hearing upon his application for compensation without requiring him to submit to a physical examination. This was a direction to the commission to take such further proceedings and in effect remanded the cause to it for that purpose. The circuit court order does not finally dispose of the rights of the parties and is not a final judgment.

Plaintiff in error's argument is that the order of the commission suspending compensation was interlocutory and not subject to review on *certiorari*, that therefore the judgment of the circuit court is void, and this court should take jurisdiction to remove such void judgment. Defendant in error concedes that the order of the commission was not final, but claims that the circuit court had jurisdiction to review the same under section 19(f)(1) of the Workmen's Occupational Diseases Act providing that the circuit court shall "by writ of certiorari to the Industrial Commission have power to review all questions of law and fact presented by such record." Plaintiff in error does not dispute the interlocutory nature of the order of the circuit court and defendant in error does not dispute the interlocutory nature of the order of the commission.

It is well settled that appeals to and writs of error from this court, unless otherwise provided by statute, lie only to review final judgments, orders and decrees of inferior courts. It is also well settled that a void judgment, order or decree may be reviewed by appeal or writ of error. (*People ex rel. Thaxton* v. *Coal Belt Electric Railway Co.* 311 Ill. 29; *People* v. *Evans,* 262 Ill. 235; *Hunter* v. *Hunter,* 100 Ill. 519; *Goodsell* v. *Boynton,* 1 Scam. 555.) A judgment, order or decree of a court that lacked jurisdiction or one that is void for any other reason will be reversed by this court whenever the same is brought before us by any means possible in the particular case; but we can find no provision in any statute and no judicial prece-

dent indicating that a judgment, order or decree which is not final may be reviewed by this court merely because it is, or is alleged to be, null and void.

We need not consider in this case what remedy may exist for the correction of erroneous rulings of the Industrial Commission in suspending an applicant's right to compensation nor inquire into the jurisdiction of the circuit court to review such rulings on *certiorari*. As the circuit court order of December 2, 1946, was not a final judgment, we have no authority to inquire into the jurisdiction of that court or to consider the merits of the controversy involved. This court has no jurisdiction of this writ of error and it is dismissed.    *Writ of error dismissed.*